Juan BORREGO, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 13200.

Court of Civil Appeals of Texas.

San Antonio.

May 8, 1957.

Carter, Stiernberg & Skaggs, Harlingen, L. A. Ashcroft, McAllen, for appellant.

Cox, Wagner, Adams & Wilson, Harlingen, for appellee.

MURRAY, Chief Justice.

This is a workmen's compensation case in which Juan Borrego is the claimant, Donna Fruit Company, Inc., of Edinburg, Texas, the employer, and Texas Employers' Insurance Association, the insurance carrier. Borrego attempted an appeal from the final ruling and decision of the Industrial Accident Board of Texas to the District Court of Hidalgo County. Texas Employers' Insurance Association filed a motion for summary judgment, based upon the contention that Borrego failed to give the Industrial Accident Board notice of appeal within twenty days after a final ruling and decision had been made by the Board.

The trial court found that Borrego had failed to give the Board notice of his intention to appeal his case, granted the motion for summary judgment and dismissed the cause; from which judgment of dismissal Juan Borrego has prosecuted this appeal.

In support of its motion for summary judgment, appellee filed an affidavit, which, omitting formal parts, reads as follows:

"I, Joe G. Moore, Jr., Secretary and Custodian of the records of the Industrial Accident Board of the State of Texas, state that that certain case, Numbered P–50187, on the Docket of the Industrial Accident Board of the State of Texas, styled Juan Borrego v. Donna Fruit Company, Inc., was heard in regular order before the Industrial Accident Board on July 17, 1956, and that on the 27th day of July, 1956, the said Board entered its final ruling and award on the claim of Juan Borrego.

"I further state that I am the Secretary and Custodian of the records of the Industrial Accident Board of the State of Texas, that I have examined our file covering the above styled case, and I hereby state that said file contains no Notice of Intention to Appeal from the Board's award and final action of July 27, 1956, from the claimant or his attorney, or from the Insurance Car-

rier, Texas Employers' Insurance Association.

> /s/ JOE G. MOORE, JR.
> Secretary of the Industrial Accident Board of the State of Texas."

L. A. Ashcroft, attorney for appellant, was sworn as a witness and testified, in substance, that he prepared a notice of appeal for Juan Borrego and forwarded one copy of it to the Texas Employers' Insurance Association and the original to the Industrial Accident Board. He received an acknowledgment from Lionel Harrison, an agent of the Texas Employers' Ins. Association, but could not say whether he received an acknowledgment from the Industrial Accident Board, as he was unable to find any such acknowledgment in his office. He introduced in evidence his office copy of the notice, and stated that he personally deposited the notice in the United States Mail box, that it was sent by regular mail. He was uncertain whether he sent the notice by Air Mail, but he knew that he did not register it.

The burden of proving that there was no genuine fact issue as to the giving of notice of appeal was upon appellee, the party seeking the summary judgment. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; McDonald, Texas Civil Practice, Vol. 4, § 17.26, p. 1394.

The affidavit of Joe G. Moore, Jr., is not conclusive of the fact that no notice of appeal was filed. Art. 8307, § 5, Vernon's Texas Civil Stats., which provides for notice of appeal in such cases, reads in part as follows:

> "* * * Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board, shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision.
> * * *"

The provision that the notice must be filed with said Board is a very general provision. It might mean that such notice could be filed with any member of the Board, any clerk of the Board, or the Secretary and Custodian of the Records of the Board. There is nothing in the law which requires that any record be kept of the filing of the notice, or where it shall be placed after it is filed. There is nothing in the affidavit filed herein, which shows the manner in which such notices are customarily handled by the Board. When this affidavit is considered in connection with the testimony of L. A. Ashcroft that he forwarded such a notice to the Board, by ordinary mail, in plenty of time to have been received by the Board within the twenty-day period, we must conclude that appellee did not discharge the burden resting upon it of showing that there was no genuine, material issue of fact with reference to appellant's failure to file the required notice.

Where appellant testifies that he sent to the Board a timely notice of appeal through the regular mail, and there is evidence that it was not received by the Board, a question of fact is raised which should be submitted to the trier of facts. Crow v. City of San Antonio, Tex.Civ.App., 294 S.W.2d 899; reversed by the Supreme Court on other grounds 301 S.W.2d 628.

On a hearing of motion for summary judgment the court considers the affidavits and other evidence before it, not for the purpose of deciding fact issues, but only for the purpose of determining whether or not there is a genuine and material issue to be decided. Rolfe v. Swearingen, Tex.Civ. App., 241 S.W.2d 236; Rule 166–A, Texas Rules of Civil Procedure.

The judgment of the trial court is reversed and the cause remanded for a new trial.