**SOUTHWESTERN BELL TELEPHONE COMPANY, Relator**

*v.*

**Honorable Rey PEREZ, Respondent.**

**No. 04–95–00433–CV.**

Court of Appeals of Texas, San Antonio.

July 12, 1995.

818

Diego J. Pena, Richard D. Billeaud, San Antonio, for appellant.

Claudio Heredia, Eugene D. Stewart, Knickerbocker, Cowan, Heredia, Jasso & Dovalina, Eagle Pass, for appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## ON RELATOR'S PETITION FOR WRIT OF MANDAMUS

DUNCAN, Justice.

This is a mandamus proceeding in which relator, Southwestern Bell Telephone Company, challenges the ruling of respondent, the Honorable Rey Perez, Judge of the 293rd Judicial District Court, that Bell waived its objections to the discovery requests of the real party in interest, Blanca Estella Hernandez. We conditionally grant the requested writ.

### FACTS

Hernandez sued Bell after she tripped and fell over an exposed telephone line. During the discovery process, counsel for Hernandez agreed in writing to give Bell an extension of time in which to answer Hernandez's discovery requests. The letter agreement, which was signed by Hernandez's counsel, provides in relevant part:

> This letter will confirm our telephone conversation on this date wherein I requested and you granted Defendants' [sic] a two week extension in which to answer and/or object to Plaintiff's Interrogatories and Requests for Production. Our responses will now be due on or before September 23, 1994.

On September 23, 1994, Bell mailed its responses and objections to Hernandez's counsel and to the district clerk. Hernandez's counsel received them three days later, on September 26, 1994. The district clerk received and file-stamped them on September 27. She did not retain the envelope in which Bell's responses and objections were mailed.

On April 20, 1995, Hernandez filed a motion to compel "more complete and responsive answers" to her interrogatory number 10 and her request for production number 12.[1] Hernandez attached a copy of the letter agreement and conceded that Bell's responses and objections were "mailed for filing" on September 23—the date referenced in the letter agreement. Nowhere in her motion did Hernandez allege that Bell had waived its objections to her interrogatories and document requests or that Bell had failed to mail its responses and objections in compliance with Rules 5 and 21a.[2]

Hernandez's counsel first raised the waiver issue at the hearing on the motion to compel. He argued that the letter agreement required Bell to hand-deliver its responses and objections to him by September 23 and, failing that, Bell's objections were waived. Bell countered that it had timely perfected its objections by mailing them on September 23. In response, Hernandez's counsel stated: "My position on that, your Honor, is that that would be true if they had mailed the responses pursuant to the rules. .... Our agreement was that they would provide me with the responses on or before September 23rd; not that they would mail those on September 23rd." At no time during the hearing did Hernandez's counsel argue that Bell had failed to mail its responses and objections in compliance with Rules 5 and 21a; he simply argued that compliance with the rules was not compliance with the letter agreement. Perhaps because compliance with the rules was not in dispute, Bell did not offer proof of its compliance.

After listening to the arguments of counsel, Judge Perez concluded—without stating his reasoning—that Bell had waived its objections. Likewise, the court's order states simply that the court "is of the opinion that [Bell] waived its objections." Bell was then ordered to answer Hernandez's interrogatory No. 10 and request for production No. 12 within ten days from the date of the hearing.

Because the trial judge concluded that Bell waived its objections, he specifically refused

---

1. Interrogatory No. 10 requested that Bell provide information similar incidents within the preceding ten years. Request for production number 12 requested copies of all documents pertaining to these incidents for the preceding five years. Southwestern Bell objected to both discovery requests on the ground that providing the requested information and documents would "be costly, oppressive, burdensome, and harassing. Further, the probative value of the information sought is so slight compared to the burden on [Bell] if discovery is allowed."

2. All rule references are to the Texas Rules of Civil Procedure unless otherwise noted.

to consider their merits. Accordingly, the only issue before us—and the only issue we decide—is the propriety of the trial judge's conclusion that Bell waived its objections. We express no opinion as to the merits of Bell's objections.

## STANDARD OF REVIEW

 A writ of mandamus will issue when the mandamus record establishes (1) a clear abuse of discretion and (2) the absence of clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992, orig. proceeding); *El Centro del Barrio, Inc. v. Barlow*, 894 S.W.2d 775, 778 (Tex.App.—San Antonio 1994, orig. proceeding). In determining whether the record establishes an abuse of discretion, we may not substitute our opinion for that of the trial court regarding the resolution of factual issues; rather, the mandamus record must establish that the trial judge could reasonably have reached only one decision. *Walker*, 827 S.W.2d at 839–40; *see also El Centro del Barrio*, 894 S.W.2d at 778. However, "a trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker*, 827 S.W.2d at 840; *see also El Centro del Barrio*, 894 S.W.2d at 778. Accordingly, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Walker*, 827 S.W.2d at 840; *see El Centro del Barrio*, 894 S.W.2d at 778.

 As noted above, however, an abuse of discretion will not alone justify the issuance of an extraordinary writ. A relator must also establish that she has no adequate remedy by appeal. *Walker*, 827 S.W.2d at 840. One basis upon which the legal remedy of appeal may be held inadequate is when the appellate court would be unable to cure the trial court's discovery error on appeal, *e.g.*, when "a discovery order compels the production of patently irrelevant or duplicative documents, such that it clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party." *Walker*, 827 S.W.2d at 843; *see also El Centro del Barrio*, 894 S.W.2d at 778.

## ADEQUACY OF BELL'S APPELLATE REMEDY

We initially address whether Bell has an adequate remedy by way of appeal. Bell alleges that complying with the trial court's order would require it to manually search over 34,000 files in warehouses located in San Antonio, Houston, and Dallas—a process that Bell claims will take over six months and cost over $84,000. These allegations are supported by the affidavit of its claims manager.

 We recognize that an appellate remedy is not inadequate merely because additional expense or delay will result if the writ is not granted. *Walker*, 827 S.W.2d at 842. Rather, the extraordinary writ of mandamus "'is justified only when parties stand to lose their substantial rights.'" *Id.* (quoting *Iley v. Hughes*, 158 Tex. 362, 368, 311 S.W.2d 648, 652 (1958)). That is precisely the case here. If the trial court abused its discretion in ruling that Bell waived its discovery objections, Bell will be deprived of the opportunity to obtain a ruling on the merits of its objections. And, if Bell's objection is meritorious, in whole or in part—an issue we do not reach—we will be unable to remedy that error on appeal because Bell's responses and production will have already been compelled. *See Walker*, 827 S.W.2d at 843 (citing *General Motors Corp. v. Lawrence*, 651 S.W.2d 732, 733 (Tex.1983)). Accordingly, we hold that Bell's remedy by appeal is inadequate.

## WAIVER

In her brief, Hernandez offers three arguments to support Judge Perez's ruling that Bell waived its objections: (1) Bell failed to timely file its objections with the district clerk; (2) the letter agreement was unenforceable because it was not filed in compliance with Rule 11; and (3) Bell attempted to change the basis of its objection after Hernandez agreed to limit her request to incidents in Texas. Since this original proceeding is governed by an abuse of discretion standard, we will address each of Hernan-

dez's arguments despite the fact that none of them were presented to the trial court.[3]

### *Timely Filing*

■ Hernandez's "untimely filing" argument ignores both the undisputed fact that Bell's responses and objections were "mailed for filing" on September 23 and the second paragraph of Rule 5, which provides in relevant part:

> If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and deemed filed in time.

TEX.R.CIV.P. 5. Rule 5 defines what constitutes a proper and timely filing. *Milam v. Miller*, 891 S.W.2d 1, 2 (Tex.App.—Amarillo 1994, writ ref'd). Therefore, "once the provisions of Rule 5 are met, the post office becomes a branch of the district clerk's office for purposes of filing pleadings." *Id.* Rule 21a provides similarly with respect to service. TEX.R.CIV.P. 21a; *see Cudd v. Hydrostatic Transmission, Inc.*, 867 S.W.2d 101, 104 (Tex.App.—Corpus Christi 1993, no writ).

It is undisputed in this case that Bell mailed its responses and objections on the date specified in the letter agreement. It is further undisputed that the letter agreement does not, on its face, require hand-delivery on September 23 or otherwise purport to alter the provisions of Rules 5 and 21a. Therefore, we must initially decide whether, in the absence of a written agreement to the contrary, a written extension agreement between counsel incorporates the "mailing equals filing and service" terms of Rules 5 and 21a. We hold that it does.

■ As stated in Rule 2, the Texas Rules of Civil Procedure govern the procedure in justice, county, and district courts "with such exceptions as may be hereinafter stated." TEX.R.CIV.P. 2. One exception is

that counsel may agree to extend discovery deadlines. TEX.R.CIV.P. 166b(4). However, as a general rule, to be enforceable, these agreements must either be "in writing, signed and filed with the papers as part of the record" or "made in open court and entered of record"; an oral agreement will not suffice. TEX.R.CIV.P. 11; *London Market Co. v. Schattman*, 811 S.W.2d 550, 552 (Tex.1991) (per curiam); *see also* TEX. R.CIV.P. 166c. Accordingly, an oral agreement that Rules 5 and 21a do not apply is unenforceable unless it is made in open court and entered of record. Likewise, a written extension agreement that does not expressly provide that Rules 5 and 21a do not apply is governed by those rules by virtue of Rules 2, 11, and 166c.

■ Hernandez's counsel concedes that Bell's answers were mailed on the date referenced in the letter agreement. However, in response to questions during oral argument, Hernandez's counsel argued that Bell's answers were not timely filed under Rule 5 because Bell did not affirmatively establish compliance with all aspects of that rule, *i.e.*, "sent ... by first-class United States Mail in an envelope or wrapper properly addressed and stamped." In short, Hernandez's counsel argued that the burden to prove compliance with Rule 5 rests upon the mailing party—regardless of whether compliance with Rule 5 is disputed. We disagree.

As a general rule, the Texas Rules of Civil and Appellate Procedure, as well as the Texas Rules of Evidence, require that parties point out to one another and to the court any complaints they may have in a timely and specific manner so as to provide an opportunity to correct defects of form and substance. *See, e.g.*, TEX.R.CIV.P. 18a, 39(c), 86, 166b(4), 274; TEX.R.APP.P. 71–72, 52(a); TEX.R.CIV. EVID. 103(a)(1). The simple and salutory purpose underlying this general rule, of course, is the "just, fair, equitable and impartial adjudication of the rights of litigants

---

**3.** Hernandez has abandoned her argument in the trial court, i.e., the letter agreement required service by hand-delivery on September 23. Hernandez thus apparently concedes that the letter agreement incorporated the provisions of Rule 21a permitting service by mail, and, further, that

Bell's certificate of service creates a rebuttable presumption of timely service, and this presumption stands unrebutted in the mandamus record. However, Hernandez has offered this court no reason why Rule 21a, but not Rule 5, is a part of the letter agreement.

under established principles of substantive law" "with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable...." Tex.R.Civ.P. 1; *see also* Tex.R.Civ.Evid. 102.

Rule 1's laudable purpose would be ill-served if we permitted a party who concedes timely mailing to raise noncompliance with some other aspect of Rule 5 for the first time in an appellate court—at a time when the mailing party cannot demonstrate compliance without venturing outside the record before the trial court. Moreover were we to adopt such a rule, it would force litigants to prove compliance as to each and every document filed. Hernandez's proffered interpretation of Rule 5 is neither fair nor efficient, and we refuse to adopt it. We instead hold that, when the date of mailing is undisputed, compliance with the other requirements of the second paragraph of Rule 5 is presumed. If the non-mailing party disputes compliance in a timely and specific manner, the burden of producing proof of compliance shifts to the mailing party.

### Compliance with Rule 11

■ As Bell points out, a copy of the agreement was attached as an exhibit to Hernandez's motion to compel and Bell's response. Nonetheless, Hernandez argues that the letter agreement did not comply with Rule 11 because an agreement filed as an exhibit is not "filed" for purposes of Rule 11. Hernandez cites no authority for this novel argument, and we have found none. On its face, Rule 11 requires only that the agreement be "filed with the papers as part of the record." Plainly, exhibits filed as attachments to pleadings meet this requirement. *See* Tex.R.Civ.P. 74 ("The filing of pleadings, other papers and exhibits as required by these rules shall be made by filing them with the clerk of the court...."); *cf.* Tex.R.Civ.P. 59.

Hernandez also argues that Rule 11 requires that the original, and not a copy, of the agreement be filed. However, Rule 1003 of the Texas Rules of Civil Evidence provides that a copy of an original is admissible to the same extent as the original unless its authenticity is questioned or its admission would be unfair. Tex.R.Civ.Evid. 1003. There is no indication in the record that Hernandez ever raised a question concerning the authenticity of any copy of the agreement or suggested that introduction of a copy would somehow be unfair.

### Proper Objection

■ Finally, Hernandez argues that Bell waived its objections by changing their basis. According to Hernandez's counsel, he and Bell's counsel orally agreed that Bell would respond to Hernandez's discovery requests as to incidents in Texas, but Bell later refused to comply with its oral agreement and instead filed an objection as to the requests in their entirety. This argument is not supported by the mandamus record, which reflects only that Hernandez's counsel sent Bell's counsel a letter purporting to confirm an agreement whereby Bell agreed to comply with the discovery requests as to incidents in Texas. This letter is not signed by Bell and, as Hernandez's counsel conceded during oral argument, it is not enforceable under Rule 11. In short, the record nowhere indicates that Bell ever agreed to comply with Hernandez's requests as to incidents in Texas. Nor is there anything in the record that suggests that Bell's objections were at any time different from those it actually filed.

### CONCLUSION

Despite the creative arguments of Hernandez's counsel, there is no legal or factual justification for the trial court's conclusion that Bell waived its discovery objections. Rules 5 and 21a expressly provide that a party may comply with the filing and service requirements by mailing documents on the date they are due. *See* Tex.R.Civ.P. 5, 21a. That indisputably occurred in this case. Accordingly, in the absence of a Rule 11 agreement establishing that Rules 5 and 21a would not apply, these rules and the undisputed facts conclusively establish that Bell timely filed and served its objections. The trial judge abused his discretion in ruling to the contrary.

The writ of mandamus is conditionally granted. The writ will issue only if the trial

court fails to vacate its order of May 25, 1995.