**Patrick Olajide AKINWAMIDE,**
**Appellant,**

v.

**TRANSPORTATION INSURANCE**
**COMPANY, Appellee.**

**No. 13–00–609–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 31, 2004.

Patrick Olajide Akinwamide, Houston, pro se.

Jeffrey L. Diamond and Valecia R. Tizeno, Houston, for Appellee.

Before Chief Justice VALDEZ and Justices CASTILLO and AMIDEI.[1]

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN § 74.003 (Vernon Supp.2004).

## OPINION

Opinion by Justice AMIDEI.

Appellant, Patrick Olajide Akinwamide, appeals from an adverse jury verdict and judgment. In the suit below, appellant sought to set aside the final ruling and decision of the Industrial Accident Board ("IAB" or "TWCC"), and the dismissal of his pleadings seeking to join his employer, Automatic Data Processing Inc. ("ADP"), as a defendant in a common law action.

The jury found: (1) appellant did not timely appeal from the ruling and decision of the IAB; (2) appellant did not report his alleged injury to his employer within thirty days; (3) appellant did not file a claim for compensation with the IAB within one year from the date of his alleged injury; (4) appellant did not sustain a compensable injury in the form of an occupational disease during the course and scope of his employment with ADP on or about October 15, 1989; (5) appellant's occupational disease injury was not a producing cause of any loss-of-wage-earning capacity; and (6) appellant's occupational disease injury was not a producing cause of any total incapacity and/or a producing cause of any partial incapacity.

Appellant contends: (1) jury question and finding number one regarding the timeliness of his notice of appeal was immaterial, and that as a matter of law he gave timely notice that he would not abide by the final ruling and decision of the IAB; and (2) the trial court erred in overruling his motion to join ADP as a defendant and try his cause as a common law action.

We decide in this workers' compensation case: (1) whether the denial of a summary judgment without an order finding any of the facts alleged establishes an ultimate alleged fact as a matter of law, thereby

making it unnecessary to submit an otherwise proper question to the jury to find that fact; and (2) whether the denial of a motion to join an additional party seventeen days prior to the date set for trial was an abuse of discretion.

We affirm.

## Standard of Review

■ An issue may be disregarded by the court as immaterial if unsupported by evidence, if it is a question of law, or if submitted but has been rendered immaterial by other findings. *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex.1994).

The failure to make any objection prior to the submission of a question to the jury results in a waiver of any complaint as to the question, definition, or instruction on account of any defect, omission, or fault in pleading. TEX.R. CIV. P. 274.

Before a case is called for trial, additional parties, necessary or proper parties to the suit, may be brought in, either by the plaintiff or the defendant, upon such terms as the court may prescribe; but not at a time nor in a manner to unreasonably delay the trial of the case. TEX.R. CIV. P. 37.

If a summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the judge may at the hearing examine the pleadings and the evidence on file, interrogate counsel, ascertain what material fact issues exist and make an order specifying the facts that are established as a matter of law, and direct such further proceedings in the action as are just. TEX.R. CIV. P. 166a(e).

■ When the date of mailing is undisputed, compliance with the other requirements of the second paragraph of Rule 5 of the Texas Rules of Civil Procedure is presumed. *Southwestern Bell Tel. Co. v. Perez*, 904 S.W.2d 817, 822 (Tex.App.-San Antonio 1995, no pet.); *see* TEX.R. CIV. P. 5. If the non-mailing party disputes compliance in a timely and specific manner, the burden of producing proof of compliance shifts to the mailing party. *Southwestern Bell Tel. Co.*, 904 S.W.2d at 822.

## Analysis

■ Appellant's original petition alleged he sustained injuries on October 15, 1989. At the time of his alleged injuries, the appeal of an award from the IAB was governed by article 8307, section 5 of the Texas Revised Civil Statutes. The statute provided that:

> Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall, within twenty (20) days after the rendition of such final ruling and decision by said board, *file with said board* notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred....

TEX.REV.CIV. STAT. ANN. art. 8307a (Vernon 1967) (emphasis added), *repealed by* Texas Workers' Compensation Act, 71st Leg., 2d C.S., ch. 1, § 16.01(11), 1989 Tex. Gen. Laws 1, 114. Appellant's first issue reads as follows:

> Whether the Appellant, Patrick Olajide Akinwamide timely filed his Notice of Intent To Set Aside the Final Ruling and Decision of the Industrial Accident Board (IAB); and whether the issue was immaterial to Appellant's case or Appellant failed to timely file his Notice and the issue is material to Appellant's case.

The first question submitted to the jury asked, "Did Patrick Akinwamide timely appeal from the ruling and decision of the Industrial Accident Board of the Texas Worker's Compensation Commission?"

This definition of "timely appeal" accompanied the question:

> Any interested party who is not willing and does not consent to abide by the final ruling and decision of the Industrial Accident Board of the Texas Worker's Compensation Commission shall, within twenty (20) days after the rendition of said final ruling and decision by the Board, file with said Board notice that he/she will not abide by said final ruling and decision. And he/she shall within twenty (20) days after giving such notice bring suit in the proper county. A 'filing' with the Industrial Accident Board occurs when the Board receives the document in question.

The jury answered the question "No."

Appellant argues that the question was immaterial and should not have been submitted to the jury because this issue had been previously decided by the trial court when it denied appellee's motion for summary judgment. To support this argument, appellant cites: *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex.1994), and *Labrador Oil Co. v. Norton Drilling Co.*, 1 S.W.3d 795, 799 (Tex. App.-Amarillo 1999, no pet.). These cases define an immaterial issue as an issue that should not have been submitted, for example, if the issue was unsupported by the evidence or a question of law, or if the issue was submitted but was rendered immaterial by other findings. *Spencer*, 876 S.W.2d at 157; *Labrador Oil Co.*, 1 S.W.3d at 799. In such instances, the trial court is authorized to disregard the issue. *Spencer*, 876 S.W.2d at 157; *Labrador Oil Co.*, 1 S.W.3d at 799.

The cases cited by appellant are not on point because the complaining party in those cases timely objected. In this case, appellant did not timely object. Appellant's failure to object prior to the submission of question number one to the jury resulted in his waiver of any complaint. TEX.R. CIV. P. 272. Specifically, appellant did not ask the trial court to disregard jury question number one on the grounds it was immaterial.

■ Moreover, we conclude that appellant's argument would fail even if this issue had not been waived. The cited cases do not address whether the denial of a motion for summary judgment establishes facts as contended by appellant. Although this issue was raised in appellee's motion for summary judgment, the trial court denied the motion without specifying the facts that were established as a matter of law. *See* TEX.R. CIV. P. 166a(e).

As a substantive matter, appellant further argues that rule 5 of the Texas Rules of Civil Procedure enlarged the time within which he was required to file his notice not to abide by the IAB's decision. *See* TEX.R. CIV. P. 5. He argues he mailed the notice on September 3, 1997, the 20th day after the decision, and the notice was received by the Board on September 11, 1997, which was within 10 days of September 3, 1997. *See id.* (document mailed on or before last day for filing shall be deemed filed in time if received by the clerk not more than ten days tardily). However, there is no proof of the date the notice was mailed. Rule 5 provides that a "legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing." *Id.* Appellant states in his brief that he mailed the notice on September 3, 1997 but does not reference any testimony to prove the date of mailing. Although one of appellant's trial exhibits indicates that an envelope was mailed to the IAB and was marked "received September 11, 1997 by the TWCC Chief Clerk of Proceedings," no date of mailing is legible thereon. The date of mailing and any inference from the receipt of the envelope by the TWCC was

a fact question which the jury properly decided. *Borrego v. Tex. Employers Ins. Assn.*, 302 S.W.2d 673, 675 (Tex.Civ.App.-San Antonio 1957, no writ). We conclude that it was up to the jury to decide the date that appellant mailed his notice of intent not to abide by the IAB's decision. Moreover, we find that the jury question was made material by appellee's verified denial that appellant's notice of intent to appeal and the lawsuit were timely filed. This denial, together with the absence of a postmark on the envelope, shifted the burden of producing proof of compliance with Rule 5 to appellant, the mailing party. *See Southwestern Bell Tel. Co.*, 904 S.W.2d at 822. Appellant's first issue is overruled.

■ Appellant's second issue states: Whether the Appellant's employer Automatic Data Processing, Inc. who was not a subscriber to Worker's Compensation Act at the time of Appellant's injury and who failed to subscribe to Texas Industrial Accident Act and also failed to notify his employees and the Appellant Patrick Akinwamide at the time of his hire in September 1988, is protected or immune from common law suit and cannot be joined as a defendant in Cause No. 97–48526 by the Appellant who was injured on the job while working at Automatic Data Processing Inc. Or, Automatic Data Processing Inc. is an employer who is outside the protection of Texas Industrial Accident Act and can be sued under the common law and joined as Co–Defendants in Cause No. 97–48526. This issue also implicates appellant's third and fourth issues regarding whether ADP committed conspiracy and fraud regarding its workers' compensation insurance coverage and in regard to the way appellant's claim was handled.

The appellant filed a motion to try his case under common law and to join ADP as a defendant seventeen days prior to the date the case was set for trial. This motion was filed on June 9, 1997, and if the trial court granted it, the June 26, 1997 trial date would have likely been postponed. The trial judge considered the history of the proceedings and was not willing to postpone the case another time. Instead the trial court decided to overrule the motion because it was filed so close to the trial date it would unreasonably delay the trial of the case. The trial courts are guided by Rule 37 of the Texas Rules of Civil Procedure when deciding whether to allow the joinder of another party at a time which would unreasonably delay the trial of the case. *See* Tex.R. Civ. P. 37. We conclude that the decision to overrule appellant's motion was not an abuse of discretion. *See id.*

In addition, appellant failed to prove that ADP was a non-subscriber to workers' compensation insurance which was a prerequisite to the proposed fraud or negligence common law suit against ADP. The copy of a certification from TWCC on appellant's injury stating that "after a diligent search" no record of any ADP policy number WC507415814 with CNA could be found was not evidence of lack of coverage as claimed by appellant, nor was it evidence from which could be inferred proof of coverage or lack of coverage as claimed by appellant. In any event, the evidence that appellee was the workers' compensation carrier for ADP at the time of appellant's alleged injury was sufficient to support the trial court's denial of appellant's motion.

Appellant complains that the trial court did not verify his allegations that ADP was not a subscriber before ruling on his motion and that appellee failed to respond to his amended petition through verified pleadings. We note that appellant failed to file special exceptions or other objections to appellee's answer. *See* Tex.R. Civ.

P. 90. Appellant fails to cite any authority or develop any argument as to why appellee's verified first amended answer is not a sufficient response, that it was the duty or function of the trial court to verify appellant's allegations, or that the trial should have been conducted any differently by the trial court.[2] *See* TEX.R.APP. P. 38.1(g), (h). Accordingly, appellant's second, third, and fourth issues are overruled.

Appellant's fifth issue requests the court to order the TWCC to release the outcome of the investigative file No. 12736, created May 29, 1992, on appellant's claim, the citations or violations issued, and the responses of each party to the citations or violation. The appellant cites no error of the court that we can review. This issue is not properly briefed with references to the record and citations to authority supporting the issue. TEX.R.APP. P. 38.1(g),(h). Appellant's issue five is overruled.

The judgment of the trial court is affirmed.

---

2. Moreover, we note that this issue was decided adversely to appellant in a separate appeal. *See Akinwamide v. Transp. Ins. Co.,* No. 14–02–00582–CV, 2003 WL 21025885, *2, 2003 Tex.App. LEXIS 3948, *8–9 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) (finding evidence that ADP was covered by insurance policy during the time of appellant's alleged injuries).