NUMBER 13-00-609-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

PATRICK OLAJIDE AKINWAMIDE,                                           Appellant,

v.

TRANSPORTATION INSURANCE
COMPANY,                                                                                  Appellee.
                                                                                                                                       

On appeal from the 80th District Court of Harris County, Texas.
                                                                                                                      

O P I N I O N

Before Chief Justice Valdez and Justices Castillo and Amidei


 
Opinion by Justice Amidei

         Appellant, Patrick Olajide Akinwamide, appeals from an adverse jury verdict and
judgment. In the suit below, appellant sought to set aside the final ruling and decision of
the Industrial Accident Board ("IAB" or “TWCC”), and the dismissal of his pleadings
seeking to join his employer, Automatic Data Processing Inc. ("ADP"), as a defendant in
a common law action.
          The jury found: (1) appellant did not timely appeal from the ruling and decision of
the IAB; (2) appellant did not report his alleged injury to his employer within thirty days; (3)
appellant did not file a claim for compensation with the IAB within one year from the date
of his alleged injury; (4) appellant did not sustain a compensable injury in the form of an
occupational disease during the course and scope of his employment with ADP on or
about October 15, 1989; (5) appellant's occupational disease injury was not a producing
cause of any loss-of-wage-earning capacity; and (6) appellant's occupational disease injury
was not a producing cause of any total incapacity and/or a producing cause of any partial
incapacity. 
          Appellant contends: (1) jury question and finding number one regarding the
timeliness of his notice of appeal was immaterial, and that as a matter of law he gave
timely notice that he would not abide by the final ruling and decision of the IAB; and (2) the
trial court erred in overruling his motion to join ADP as a defendant and try his cause as
a common law action.
          We decide in this workers' compensation case: (1) whether the denial of a summary
judgment without an order finding any of the facts alleged establishes an ultimate alleged
fact as a matter of law, thereby making it unnecessary to submit an otherwise proper
question to the jury to find that fact; and (2) whether the denial of a motion to join an
additional party seventeen days prior to the date set for trial was an abuse of discretion.
          We affirm.
Standard of Review
          An issue may be disregarded by the court as immaterial if unsupported by evidence,
if it is a question of law, or if submitted but has been rendered immaterial by other findings. 
Spencer v. Eagle Star Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex. 1994).
          The failure to make any objection prior to the submission of a question to the jury
results in a waiver of any complaint as to the question, definition, or instruction on account
of any defect, omission, or fault in pleading. Tex. R. Civ. P. 274.
          Before a case is called for trial, additional parties, necessary or proper parties to the
suit, may be brought in, either by the plaintiff or the defendant, upon such terms as the
court may prescribe; but not at a time nor in a manner to unreasonably delay the trial of the
case. Tex. R. Civ. P. 37. 
          If a summary judgment is not rendered upon the whole case or for all the relief
asked and a trial is necessary, the judge may at the hearing examine the pleadings and
the evidence on file, interrogate counsel, ascertain what material fact issues exist and
make an order specifying the facts that are established as a matter of law, and direct such
further proceedings in the action as are just. Tex. R. Civ. P. 166a(e).
          When the date of mailing is undisputed, compliance with the other requirements of
the second paragraph of Rule 5 of the Texas Rules of Civil Procedure is presumed.
Southwestern Bell Tel. Co. v. Perez, 904 S.W.2d 817, 822 (Tex. App.–San Antonio 1995,
no pet.); see Tex. R. Civ. P. 5. If the non-mailing party disputes compliance in a timely and
specific manner, the burden of producing proof of compliance shifts to the mailing party. 
Southwestern Bell Tel. Co., 904 S.W.2d at 822.
Analysis
          Appellant's original petition alleged he sustained injuries on October 15, 1989. At
the time of his alleged injuries, the appeal of an award from the IAB was governed by
article 8307, section 5 of the Texas Revised Civil Statutes. The statute provided that:
Any interested party who is not willing and does not consent to abide by the
final ruling and decision of said board shall, within twenty (20) days after the
rendition of such final ruling and decision by said board, file with said board
notice that he will not abide by said final ruling and decision. And he shall
within twenty (20) days after giving such notice bring suit in the county where
the injury occurred. . . . 

Tex. Rev. Civ. Stat. Ann. art. 8307a (Vernon 1967) (emphasis added), repealed by Texas
Workers' Compensation Act, 71st Leg., 2d C.S., ch. 1, § 16.01(11), 1989 Tex. Gen. Laws
1, 114. Appellant’s first issue reads as follows:
Whether the Appellant, Patrick Olajide Akinwamide timely filed his Notice of
Intent To Set Aside the Final Ruling and Decision of the Industrial Accident
Board (IAB); and whether the issue was immaterial to Appellant’s case or
Appellant failed to timely file his Notice and the issue is material to
Appellant’s case.
 
The first question submitted to the jury asked, “Did Patrick Akinwamide timely appeal from
the ruling and decision of the Industrial Accident Board of the Texas Worker’s
Compensation Commission?” This definition of “timely appeal” accompanied the question:
Any interested party who is not willing and does not consent to abide by the
final ruling and decision of the Industrial Accident Board of the Texas
Worker’s Compensation Commission shall, within twenty (20) days after the
rendition of said final ruling and decision by the Board, file with said Board
notice that he/she will not abide by said final ruling and decision. And he/she
shall within twenty (20) days after giving such notice bring suit in the proper
county. A ‘filing’ with the Industrial Accident Board occurs when the Board
receives the document in question.

The jury answered the question “No.”
          Appellant argues that the question was immaterial and should not have been
submitted to the jury because this issue had been previously decided by the trial court
when it denied appellee’s motion for summary judgment. To support this argument,
appellant cites: Spencer v. Eagle Star Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex. 1994),
and Labrador Oil Co. v. Norton Drilling Co., 1 S.W.3d 795, 799 (Tex. App.–Amarillo 1999,
no pet.). These cases define an immaterial issue as an issue that should not have been
submitted, for example, if the issue was unsupported by the evidence or a question of law,
or if the issue was submitted but was rendered immaterial by other findings. Spencer, 876
S.W.2d at 157; Labrador Oil Co., 1 S.W.3d at 799. In such instances, the trial court is
authorized to disregard the issue. Spencer, 876 S.W.2d at 157; Labrador Oil Co.,1 S.W.3d
at 799. 
          The cases cited by appellant are not on point because the complaining party in
those cases timely objected. In this case, appellant did not timely object. Appellant’s
failure to object prior to the submission of question number one to the jury resulted in his
waiver of any complaint. Tex. R. Civ. P. 272. Specifically, appellant did not ask the trial
court to disregard jury question number one on the grounds it was immaterial. 
          Moreover, we conclude that appellant’s argument would fail even if this issue had
not been waived. The cited cases do not address whether the denial of a motion for
summary judgment establishes facts as contended by appellant. Although this issue was
raised in appellee’s motion for summary judgment, the trial court denied the motion without
specifying the facts that were established as a matter of law. See Tex. R. Civ. P. 166a(e). 
          As a substantive matter, appellant further argues that rule 5 of the Texas Rules of
Civil Procedure enlarged the time within which he was required to file his notice not to
abide by the IAB’s decision. See Tex. R. Civ. P. 5. He argues he mailed the notice on
September 3, 1997, the 20th day after the decision, and the notice was received by the
Board on September 11, 1997, which was within 10 days of September 3, 1997. See id. 
(document mailed on or before last day for filing shall be deemed filed in time if received
by the clerk not more than ten days tardily). However, there is no proof of the date the
notice was mailed. Rule 5 provides that a “legible postmark affixed by the United States
Postal Service shall be prima facie evidence of the date of mailing.” Id. Appellant states
in his brief that he mailed the notice on September 3, 1997 but does not reference any
testimony to prove the date of mailing. Although one of appellant’s trial exhibits indicates
that an envelope was mailed to the IAB and was marked “received September 11, 1997
by the TWCC Chief Clerk of Proceedings,” no date of mailing is legible thereon. The date
of mailing and any inference from the receipt of the envelope by the TWCC was a fact
question which the jury properly decided. Borrego v. Tex. Employers Ins. Assn., 302
S.W.2d 673, 675 (Tex. Civ. App.–San Antonio 1957, no writ). We conclude that it was up
to the jury to decide the date that appellant mailed his notice of intent not to abide by the
IAB’s decision. Moreover, we find that the jury question was made material by appellee's
verified denial that appellant’s notice of intent to appeal and the lawsuit were timely filed.
This denial, together with the absence of a postmark on the envelope, shifted the burden
of producing proof of compliance with Rule 5 to appellant, the mailing party. See
Southwestern Bell Tel. Co., 904 S.W.2d at 822. Appellant's first issue is overruled.
          Appellant's second issue states: 
Whether the Appellant's employer Automatic Data Processing, Inc. who was
not a subscriber to Worker's Compensation Act at the time of Appellant's
injury and who failed to subscribe to Texas Industrial Accident Act and also
failed to notify his employees and the Appellant Patrick Akinwamide at the
time of his hire in September 1988, is protected or immune from common
law suit and cannot be joined as a defendant in Cause No. 97-48526 by the
Appellant who was injured on the job while working at Automatic Data
Processing Inc.. Or, Automatic Data Processing Inc. is an employer who is
outside the protection of Texas Industrial Accident Act and can be sued
under the common law and joined as Co-Defendants in Cause No.
97-48526.

This issue also implicates appellant’s third and fourth issues regarding whether ADP
committed conspiracy and fraud regarding its workers' compensation insurance coverage
and in regard to the way appellant’s claim was handled.
          The appellant filed a motion to try his case under common law and to join ADP as
a defendant seventeen days prior to the date the case was set for trial. This motion was
filed on June 9, 1997, and if the trial court granted it, the June 26, 1997 trial date would
have likely been postponed. The trial judge considered the history of the proceedings and
was not willing to postpone the case another time. Instead the trial court decided to
overrule the motion because it was filed so close to the trial date it would unreasonably
delay the trial of the case. The trial courts are guided by Rule 37 of the Texas Rules of Civil
Procedure when deciding whether to allow the joinder of another party at a time which
would unreasonably delay the trial of the case. See Tex. R. Civ. P. 37. We conclude that
the decision to overrule appellant's motion was not an abuse of discretion. See id. 
          In addition, appellant failed to prove that ADP was a non-subscriber to workers'
compensation insurance which was a prerequisite to the proposed fraud or negligence
common law suit against ADP. The copy of a certification from TWCC on appellant's injury
stating that "after a diligent search" no record of any ADP policy number WC507415814
with CNA could be found was not evidence of lack of coverage as claimed by appellant,
nor was it evidence from which could be inferred proof of coverage or lack of coverage as
claimed by appellant. In any event, the evidence that appellee was the workers'
compensation carrier for ADP at the time of appellant's alleged injury was sufficient to
support the trial court's denial of appellant's motion.
          Appellant complains that the trial court did not verify his allegations that ADP was
not a subscriber before ruling on his motion and that appellee failed to respond to his
amended petition through verified pleadings. We note that appellant failed to file special
exceptions or other objections to appellee's answer. See Tex. R. Civ. P. 90. Appellant fails
to cite any authority or develop any argument as to why appellee's verified first amended
answer is not a sufficient response, that it was the duty or function of the trial court to verify
appellant's allegations, or that the trial should have been conducted any differently by the
trial court.


 See Tex. R. App. P. 38.1(g), (h). Accordingly, appellant's second, third, and
fourth issues are overruled.
          Appellant’s fifth issue requests the court to order the TWCC to release the outcome
of the investigative file No. 12736, created May 29, 1992, on appellant’s claim, the citations
or violations issued, and the responses of each party to the citations or violation. The
appellant cites no error of the court that we can review. This issue is not properly briefed
with references to the record and citations to authority supporting the issue. Tex. R. App.
P. 38.1(g),(h). Appellant’s issue five is overruled.
          The judgment of the trial court is affirmed.


 
 MAURICE AMIDEI
                                                                Justice



Opinion delivered and filed this the
31st day of August, 2004.