Opinion filed March 1, 2007


















 
 
  
 
 







 
 
  
 
 




Opinion filed March 1, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00254-CV 

                                                    __________

 

                                   KIRIT N. PATEL, M.D., Appellant

 

                                                             V.

 

           TERRANCE
WILLIAMS, INDIVIDUALLY AND AS PERSONAL                REPRESENTATIVE OF THE ESTATE OF
HIS DECEASED 

                    
MOTHER, MARY NELL WILLIAMS, Appellee

 



 

                                         On
Appeal from the 358th District Court

 

                                                           Ector County, Texas

 

                                                Trial
Court Cause No. D-120,137

 



 

                                             M
E M O R A N D U M  O P I N I O N

 

This is a medical malpractice case.  Kirit N. Patel, M.D. filed a motion to
dismiss contending that Terrance Williams, individually and as personal
representative of the estate of his deceased mother,  Mary Nell Williams, failed to timely serve an
expert report as required by Tex. Civ.
Prac. & Rem. Code Ann. '
74.351(b) (Vernon
Supp. 2006).  The trial court denied the
motion to dismiss, and we affirm.








Williams filed this medical malpractice action on
September 21, 2005.  He was, therefore,
required to serve Dr. Patel=s
attorneys with an expert report and curriculum vitae (C.V.) no later than
Thursday, January 19, 2006.  Section
74.351(b).  Williams provided Dr. Patel=s counsel with a report and C.V. from
Dr. Joseph S. Carey dated January 19, 2006. 
The attached certificate of service indicates that the report and C.V.
were served on Friday, January 20, 2006. 
A copy of Dr. Carey=s
report was filed with the district clerk=s
office on Tuesday, January 24, 2006.

Dr. Patel filed a motion to dismiss, contending
that Dr. Carey=s report
was untimely.  Williams then filed a new
notice of service, which stated that the report had been served on January 19,
and an affidavit from his attorney. 
Williams=s counsel
testified that the original certificate of service was incorrect because Dr.
Carey=s report
was received by fax on January 19 and was served on opposing counsel that same
day.  He also testified that the original
notice was incorrect because he was out of the office all day on January 20
attending docket call and taking his wife to the doctor for oral surgery.

Dr. Patel=s
counsel filed an affidavit as well. 
Counsel testified that she visited with Williams=s
attorney at the January 20 docket call and was told that he would send a copy
of his expert=s report
later that day.  She received the report
on Monday, January 23, 2006, and called Williams=s
attorney to tell him that it was late. 
Williams=s
attorney initially contended that the report was timely because the deadline
was January 21.  She testified that
Williams=s
attorney subsequently acknowledged that the deadline was in fact January 19 and
that his office had missed it.

The trial court denied the motion to dismiss.  The court indicated in a letter ruling that
it was unwilling to determine which of the two attorneys was being untruthful
and that it was of the opinion that Williams could file an amended certificate
of service.  Because the amended certificate
of service indicated that the report was served timely, the court concluded
that it had been.

The trial court=s
ruling on a motion to dismiss filed under Tex.
Civ. Prac. & Rem. Code Ann. '
74.351 (Vernon Supp. 2006) is ordinarily reviewed for an abuse of
discretion.  See Kendrick v. Garcia,
171 S.W.3d 698, 702-03 (Tex. App.CEastland
2005, pet. denied).  However, when our
review requires an interpretation of the statute, we apply a de novo standard
of review.  See Oak Park, Inc. v.
Harrison, 206 S.W.3d 133, 137 (Tex.
App.CEastland
2006, no pet.).








A trial court abuses its discretion if it acts
without reference to any guiding rules or principles or acts in an arbitrary or
unreasonable manner.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 
When reviewing matters committed to a trial court=s
discretion, an appellate court may not substitute its own judgment for the
trial court=s
judgment.  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex.
1992).  Nor may a reviewing court set
aside the trial court=s
determination unless it is clear from the record that the trial court could
only reach one decision.  Id. at 840.  

Dr. Patel argues that Section 74.351 imposes a
firm 120-day deadline to serve an expert report, that trial courts have no
authority to extend this deadline to accommodate accidents or mistakes, and
that the report must be served pursuant to Tex.
R. Civ. P. 21a.  Dr. Patel
contends that the trial court abused its discretion by denying his motion to
dismiss because there was no evidence of compliance with Rule 21a and because
the trial court effectively grafted an accident or mistake exception to the
statutory deadline.

Whether Williams produced evidence of compliance
with Rule 21a is not properly before us because it was not presented to the trial
court.  See Nabors Drilling USA, L.P. v. Carpenter, 198 S.W.3d 240, 249
(Tex. App.CSan Antonio 2006, no pet.) (respondent
could not raise notice and acceptance issues in mandamus proceeding because
they were not presented to the trial court). 
Dr. Patel correctly notes that Rule 21a requires certified or registered
mail and that first class mail is insufficient. 
But, his motion made no reference to Williams=s
method of service.  His sole complaint
was that Dr. Carey=s report
and C.V. were late because they were mailed on January 20.  Dr. Patel=s
counsel reiterated this position during the motion to dismiss hearing.  Counsel argued that the original certificate
of service was controlling and, because it and the surrounding circumstances
indicated that Dr. Carey=s
report was mailed on January 20, that the report was late and the case should
be dismissed.  The method of service was
never discussed.  








The record does not indicate how Dr. Carey=s report was mailed.  The 
original certificate of service simply states Athat
a true and correct copy of this pleading has been sent to all counsel of record
on this the 20th day of January, 2006.@  The amended certificate is identical except
for the date of service.  Dr. Patel
argues that this lack of evidence means that Williams did not carry his burden
of proof and, therefore, that dismissal was mandatory.  The San
 Antonio Court rejected a similar argument in Sw.
Bell Tel. Co. v. Perez, 904 S.W.2d 817 821-22 (Tex. App.CSan Antonio 1995, no pet.).  The court held that noncompliance with some
aspect of Tex. R. Civ. P. 5 could
not be raised for the first time on appeal because the responding party could
not demonstrate compliance without venturing outside the record.

That same situation exists here.  Williams=s
attorney stated during oral argument that he mailed Dr. Carey=s report by certified mail.  The trial court could have easily verified
that statement had the method of service been raised below.  However, it would be inappropriate for this court
to allow or to ask counsel to produce a certified mail receipt now.  It would also be inappropriate to conclude
that the trial court abused its discretion by not granting an objection that it
was never asked to consider.  Cf.
Mathis v. Lockwood, 166 S.W.3d 743, 745 (Tex. 2005) (when compliance with Rule 21a is
challenged, the responding party must prove that notice was properly sent).

Dr. Patel next argues that the trial court
effectively engrafted an accident or mistake exception to Section 74.351=s 120-day deadline.  Under prior law if a party failed to timely
file an expert report but could show that this failure was unintentional and
was the result of accident or mistake, the trial court had the discretion to
grant a 30-day grace period.  Tex. Rev. Civ. Stat. art. 4590i, ' 13.01(g) (1997) (repealed effective
Aug. 31, 2003).  The legislature
eliminated that authority when it adopted Section 74.351.  See Herrera v. Seton Nw. Hosp., No.
03-05-00115-CV, 2006 WL 1707983, at *5 (Tex.
App.CAustin,
June 23, 2006, no pet.).  The trial court
did not abuse its discretion under Section 74.351 because it did not give
Williams more than 120 days to serve a report.

Certificates of service are important because they
are prima facie evidence of proper service. 
Mathis, 166 S.W.3d at 745. 
While important, the certificate merely creates a presumption that an
act took place on a particular date and should not be confused with the act
itself B
particularly since Rule 21a=s
presumptions may be rebutted.  See
Thomas v. Ray, 889 S.W.2d 237, 238 (Tex.
1994) (the presumption of service may be rebutted with evidence of nonreceipt).
Consequently, when Dr. Patel challenged the date of service, the trial court
had the authority to determine on what date the report was actually mailed.








Because no findings of fact were requested or
filed, the trial court=s
order is entitled to additional deference. 
We must uphold that order on any legal theory supported by the record, Davis
v. Huey, 571 S.W.2d 859, 862 (Tex.
1978); and we must imply any necessary fact findings.  Holt Atherton Indus., Inc. v. Heine,
835 S.W.2d 80, 83 (Tex.
1992).  In this case, that requires that
we imply a finding that the expert report was timely mailed.

Williams=s
expert report was due on January 19.  The
record contains conflicting evidence of whether Williams complied with this
deadline.  The trial court=s letter ruling expresses a desire to
avoid resolving this conflict, but Dr. Patel=s
motion to dismiss and the trial court=s
lack of authority to extend the statutory deadline necessarily required a
resolution to this issue.  Moreover, the
letter ruling is not competent evidence of the basis for the trial court=s order.  Cherokee Water Co. v. Gregg County
Appraisal Dist., 801 S.W.2d 872, 878 (Tex. 1990). 
If, as Williams contends, the report was mailed on January 19, then it
was timely; but if, as Dr. Patel contends, the report was mailed on January 20,
then it was untimely and the trial court was required to dismiss the suit.  Because the trial court denied the motion to
dismiss, we must infer that it resolved the conflicting evidence in Williams=s favor and determined that the report
was mailed on January 19.

The conflicting evidence would support either
finding.  Because the trial court is the
fact- finder and, therefore, solely responsible for resolving conflicting
evidence, we cannot say that it abused its discretion.  Dr. Patel=s
issue is denied, and the trial court=s
order denying the motion to dismiss is affirmed.

 

PER CURIAM

 

March 1, 2007

Panel
consists of: Wright, C.J.,

McCall,
J., and Strange, J.