**Opinion issued July 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00066-CV

———————————

**PATRICK OLAJIDE AKINWAMIDE, Appellant**

**V.**

**TRANSPORTATION INSURANCE COMPANY, CNA INSURANCE COMPANY, AND AUTOMATIC DATA PROCESSING, INC., Appellees**

———————————

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 1997-48526**

———————————

## O P I N I O N

In this workers' compensation coverage dispute, Patrick Olajide Akinwamide,

first sued Transportation Insurance Company, CNA Insurance Company, and

Automatic Data Processing, Inc. (collectively, "the defendants") in 1997, challenging the Texas Workers' Compensation Commission's denial of his claim for workers' compensation benefits. After a jury trial, in which the jury found that Akinwamide failed to timely appeal the denial of benefits, the trial court rendered a take-nothing judgment against him in 2000. In August 2014, Akinwamide filed a motion to set aside the 2000 judgment, arguing that the judgment was void because the trial court had lacked subject-matter jurisdiction over the case. The trial court ruled that it did not have plenary power to consider the motion, that Akinwamide's motion was a frivolous pleading that was filed for an improper purpose, and that Akinwamide was a vexatious litigant. The trial court declared Akinwamide a vexatious litigant and imposed a total of $3,000 in sanctions—$2,500 payable to the defendants and $500 payable to the court.

In ten issues, Akinwamide challenges the trial court's ruling, contending: (1) his original petition did not affirmatively invoke the trial court's subject-matter jurisdiction; (2) the trial court lacked subject-matter jurisdiction because his employer did not present proof that it had workers' compensation coverage; (3) the trial court had plenary power to hear his motion to set aside the judgment, dismiss his statutory claim for workers' compensation benefits, and proceed with his common-law causes of action "until final resolution"; (4) the trial court erred in determining that res judicata and collateral estoppel barred his common-law claims;

2

(5) the defendants' motion to declare him a vexatious litigant and motion for sanctions was not legally sufficient; (6) the trial court failed to enter an order describing his specific conduct that violated Rule of Civil Procedure 13 and Civil Practice and Remedies Code Chapter 10; (7) the trial court's findings of fact and conclusions of law were not legally and factually sufficient to support its order imposing sanctions and declaring him a vexatious litigant; (8) he was not provided with a full and complete reporter's record of the sanctions hearing; (9) the trial court erred in sanctioning him under Rule 13 and Civil Practice and Remedies Code Chapters 10 and 11; and (10) the trial court erred in declaring him a vexatious litigant.

We affirm.

## Background

This dispute began in 1989. At that time, Akinwamide was employed at Automatic Data Processing, Inc. ("ADP"), which had a workers' compensation insurance policy with Transportation Insurance Company ("Transportation").[1] Akinwamide alleged that on October 15, 1989, he "sustained accidental injuries to his lungs and respiratory system" due to secondhand smoke exposure while at work.

---

[1] Appellee CNA Insurance Company ("CNA") is the parent company of Transportation Insurance Company.

Akinwamide eventually filed a claim with the Texas Workers' Compensation Commission ("the Commission").

On August 14, 1997, the Commission rendered a final decision which included a finding that "on the date of injury said employer [ADP] was either a subscriber, authorized self-insured, or had provided workers' compensation coverage in Texas by virtue of Article 8308, Section 18, [Revised Civil Statutes]." The Commission also found "[t]hat the evidence submitted fails to establish that [Akinwamide] sustained a compensable injury in the course of employment with [ADP] herein as alleged." The Commission denied Akinwamide's claim. The order informed Akinwamide that if he was dissatisfied with the award he must "give the Commission written notice within twenty (20) days from the date the award is entered and, in addition [he] must within twenty (20) days after giving such notice, bring suit in a proper court to perfect the appeal."

Akinwamide filed suit against Transportation, challenging the Commission's denial of his claim, in 1997. His original petition included the following paragraph:

> At the time of the injuries herein complained of, [Transportation] had in full force and effect a policy of workers' compensation insurance with the employer of [Akinwamide], [ADP], which policy of insurance insured [Akinwamide] in the job upon which he was working in accordance with the provisions of the Workers' Compensation Act of Texas. At all of the times material to this suit, [Akinwamide's] employer, [ADP], was eligible to be a subscriber under the Workers' Compensation Act of Texas.

4

Akinwamide stated that he "file[d] this suit herein to further prosecute his claim for workers' compensation insurance," and he "allege[d] that all conditions precedent to the maintenance of this suit had been met."

In June 2000, shortly before the case went to trial, Akinwamide, acting pro se, amended his original petition in a document entitled "Plaintiff's First Amended Original Petition Alternative Pleadings." In this pleading, Akinwamide alleged that ADP did not have a workers' compensation insurance policy with Transportation, that it was not a workers' compensation subscriber, and that he was not covered under the Workers' Compensation Act at the time of his injuries. Akinwamide asserted several common-law causes of action against the defendants, "if necessary and in the alternative," including fraud, misrepresentation, and negligence. The trial court overruled Akinwamide's motion to try his case under common-law theories.

At trial, the jury found that Akinwamide "did not prove by a preponderance of the evidence that he timely appealed from the Ruling and Decision of the Industrial Accident Board of the Texas Workers' Compensation Commission," and as a result, the Commission's determination that Akinwamide did not sustain a compensable injury "became final and is correct." The trial court entered a take-nothing judgment against Akinwamide, which included a statement that "[a]ll relief requested, but not expressly granted herein[,] is DENIED." The trial court signed the final judgment on August 9, 2000 ("the 2000 judgment").

5

Akinwamide moved for a new trial. Among other things, Akinwamide argued that ADP did not have an active workers' compensation insurance policy at the time of his alleged injury. Akinwamide appealed the 2000 judgment, and the appeal was assigned to the Corpus Christi Court of Appeals. In affirming the trial court's judgment, the court held that Akinwamide "failed to prove that ADP was a non-subscriber to workers' compensation insurance which was a prerequisite to the proposed fraud or negligence common law suit against ADP." *Akinwamide v. Transp. Ins. Co.*, 147 S.W.3d 623, 627 (Tex. App.—Corpus Christi 2004, no pet.) ("*Akinwamide I*"). The Corpus Christi Court also held that sufficient evidence existed that Transportation "was the workers' compensation carrier for ADP at the time of [Akinwamide's] alleged injury." *Id.*

While Akinwamide's appeal of the 2000 judgment was pending before the Corpus Christi Court, Akinwamide filed another suit against the defendants for "fraud, negligence, and fraudulent concealment, alleging all three [defendants] had conspired to misrepresent facts pertinent to [his] claim for compensation." *Akinwamide v. Transp. Ins. Co.*, No. 14-02-00582-CV, 2003 WL 21025885, at *1 (Tex. App.—Houston [14th Dist.] May 8, 2003, pet. denied) (mem. op.) ("*Akinwamide II*"). The trial court rendered summary judgment in favor of the defendants, and Akinwamide appealed that ruling to the Fourteenth Court of Appeals. In affirming the trial court's rendition of summary judgment, the

6

Fourteenth Court of Appeals held that although Akinwamide alleged that the defendants had falsely represented that a workers' compensation insurance policy existed, he could point "to no proof actually indicating ADP lacked coverage." *Id.* at *2. The court noted that Akinwamide had presented several documents in an attempt to prove that ADP was not a workers' compensation subscriber, but the court then stated: "After careful review of these documents, we find [Akinwamide's] exhibits are *not* summary judgment proof that ADP lacked coverage or that ADP conspired to commit fraud; rather, the exhibits indicate ADP had a policy with [Transportation] and its parent, CNA, during the time of [Akinwamide's] alleged injury [and] that this coverage lasted at least until July 1, 1992 . . . ." *Id.* at *2 n.3.

In March 2004, Akinwamide filed a bill of review seeking review of the 2000 judgment. *Akinwamide v. Transp. Ins. Co.*, No. 14-06-01054-CV, 2008 WL 660303, at *1 (Tex. App.—Houston [14th Dist.] Mar. 11, 2008, pet. denied) (mem. op.) ("*Akinwamide III*"). The trial court rendered summary judgment in favor of Transportation and, on Transportation's motion, declared Akinwamide a vexatious litigant. *Id.* With respect to the trial court's summary judgment on Akinwamide's bill of review, the Fourteenth Court of Appeals held:

> Here, [Akinwamide] has already tried and unsuccessfully appealed the claims and defenses underlying his bill of review. [His] arguments regarding the basis for his bill of review, both here and in the trial court, simply reiterate the issues already resolved in [his] first and second suits. All of [Akinwamide's] claims and defenses either were or could have been litigated in the trial and appellate courts and thus are barred

7

by res judicata. Thus, we find [Akinwamide] failed to present prima facie proof in support of his claim of a meritorious claim or defense.

*Id.* at *2 (internal citations omitted). Our sister court also found that the trial court erred in declaring Akinwamide a vexatious litigant because Civil Practice and Remedies Code Chapter 11, which governs vexatious litigation, requires the defendant to file a motion seeking to declare a plaintiff a vexatious litigant within ninety days after it files its original answer and, here, Transportation filed its motion outside of this ninety-day period. *Id.* at *3–4.

In June 2010, Akinwamide filed a motion to vacate the 2000 judgment nearly ten years after the trial court rendered it, arguing that the trial court did not have subject-matter jurisdiction to render the judgment and, thus, the judgment was void. Specifically, he argued that he nonsuited his statutory workers' compensation claim when he filed his amended petition, and, thus, because the trial court's judgment resolved only the statutory claim that had been raised in his original petition, that judgment was void. The trial court denied this motion, ruling that it lacked plenary power to grant the motion. Akinwamide appealed that ruling to this Court. *Akinwamide v. Transp. Ins. Co.*, No. 01-11-00755-CV, 2012 WL 3861229, at *1–2 (Tex. App.—Houston [1st Dist.] Sept. 6, 2012, pet. denied) (per curiam) (mem. op.) ("*Akinwamide IV*"). A panel of this Court held:

> [Akinwamide] incorrectly states that his amended petition voluntarily dismissed his appeal of the adverse ruling and decision of [the Commission] because that claim was omitted from the amended

8

petition. [He] is therefore also incorrect in his assertion that the trial court was without jurisdiction to render the final judgment in the first lawsuit. The petition [Akinwamide] references in making these statements is entitled, "Plaintiff's First Amended Original Petition Alternative Pleadings." Additionally, within the petition, [his] own pleadings include the following language, "if necessary and in the alternative." By pleading in the alternative, [his] amended petition did not dismiss the [Commission] issue but rather added alternative pleadings to that original claim. Therefore, the trial court did have jurisdiction to enter the final judgment on August 9, 2000 and did not have plenary power over the judgment when [Akinwamide] filed his motion to vacate nearly ten years after the judgment was signed. The trial court's final judgment is not void and the trial court did not have plenary power over the judgment when [Akinwamide] filed his motion to vacate.

*Id.* at *2. We therefore dismissed Akinwamide's appeal for want of jurisdiction. *Id.*

On August 6, 2014, Akinwamide filed a second motion to set aside the 2000 judgment, again arguing that the judgment was void for lack of subject-matter jurisdiction, that his statutory claim for workers' compensation ought to be dismissed, and that the trial court should proceed with his common-law claims "until its final resolution." Akinwamide argued that the pleadings, specifically his first amended petition, did not affirmatively allege that ADP was a workers' compensation subscriber or that it had a workers' compensation insurance policy with Transportation at the time of his injury, which deprived the trial court of subject-matter jurisdiction.

On October 2, 2014, Transportation responded to Akinwamide's motion to set aside the 2000 judgment, arguing that the trial court lacked plenary power to rule

9

upon the motion. Transportation also sought sanctions against Akinwamide pursuant to Civil Practice and Remedies Code Chapters 9 and 10 and sought to have Akinwamide declared a vexatious litigant. Transportation requested that the trial court order Akinwamide to stop filing motions related to this case, to pay a penalty to the court, and to pay its attorney's fees.

The next day, the trial court entered an order on Akinwamide's motion to set aside. This order stated:

> The Court finds that it has no plenary power over this case and the common law claims are barred by res judicata and collateral estoppel. Further, [Akinwamide's] Motion is frivolous, groundless, brought in bad faith and brought for the purpose of harassment. Therefore, the Court DENIES [his] Motion as the Court has no plenary power to hear same and ORDERS [Akinwamide] to appear before this Court to show cause as to why he should not be sanctioned under [Texas Rule of Civil Procedure] 13 and/or § 10.001–§ 10.004 of the [Civil Practice and Remedies Code] and for hearing of [M]otion under § 11.051 of [the Civil Practice and Remedies Code] for consideration of ORDER to determine if [he] is a vexatious litigant, to be heard before the Court on October 24, 2014 at 11:30 a.m.

At the show cause hearing, the trial court took judicial notice of the case file as well as the history of the case in the appellate courts, as set out in this Court's opinion in *Akinwamide IV*. Akinwamide also testified and admitted to the various filings in this case that occurred after the 2000 judgment. Transportation's counsel testified and requested $2,500 in attorney's fees as a sanction.

On November 4, 2014, the trial court signed an order declaring Akinwamide a vexatious litigant and imposing sanctions against him. The trial court again took

10

judicial notice of the procedural history of the case "dating back to 1997 and Plaintiff's numerous attempts to set aside/vacate an adverse judgment dated August 9, 2000." The trial court specifically found that Akinwamide's 2014 motion to set aside the 2000 judgment was a frivolous pleading filed in violation of Rule 13 and Chapters 10 and 11, and the court specifically found that this motion "was filed for an improper purpose to include but not limited to harass the Defendant." The court also found that Transportation filed its motion to declare Akinwamide a vexatious litigant within ninety days of the date Akinwamide filed the 2014 motion to set aside the 2000 judgment. The court found that there is no reasonable probability that Akinwamide will prevail in the litigation against Transportation and that Akinwamide "repeatedly relitigates or attempts to relitigate, in [propria] persona the validity of the determination against the same Defendant as to whom the litigation was finally determined." The trial court declared Akinwamide to be a vexatious litigant and imposed sanctions against him, including a $2,500 sanction payable to Transportation and a $500 "public sanction" payable to the court clerk.

The trial court filed findings of fact and conclusions of law. The trial court's fact findings set out the procedural history of the case and specifically addressed each time Akinwamide attempted to appeal an order or judgment by the trial court. After the trial court filed its findings and conclusions, this appeal followed.

## Subject-Matter Jurisdiction

In his first issue, Akinwamide contends that his original petition and "First Amended Original Petition Alternative Pleadings" did not affirmatively invoke the trial court's subject-matter jurisdiction over his statutory workers' compensation claim. In his second issue, he argues that, in the absence of proof that ADP had workers' compensation coverage, the trial court lacked subject-matter jurisdiction. In his third issue, he contends that the trial court had plenary power to consider his 2014 motion to set aside the 2000 judgment because that judgment was void. In his fourth issue, he contends that the trial court erred in determining that res judicata and collateral estoppel barred his common-law claims. We address these issues together.

Subject-matter jurisdiction is essential to the authority of a court to decide a case and is never presumed. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction. *Id.* at 446. Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004).

"[A] judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Tesco Am., Inc. v. Strong Indus., Inc.*, 221 S.W.3d 550, 556 (Tex. 2006); *Metro. Transit Auth. v.*

12

*Jackson*, 212 S.W.3d 797, 801 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("Lack of subject-matter jurisdiction is the absence of power to make any ruling at all."). Once the trial court's plenary power expires, the court generally lacks jurisdiction to act, and any orders it issues are typically void. *Schroeder v. LND Mgmt., LLC*, 446 S.W.3d 94, 97 (Tex. App.—Houston [1st Dist.] 2014, no pet.). However, "a case that is void for lack of subject-matter jurisdiction can never be considered final." *Jackson*, 212 S.W.3d at 802 (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000)). Ordinarily, a trial court may not set aside a judgment after its period of plenary power has expired, although one exception is when the court did not have subject-matter jurisdiction when it signed the judgment, as a "void judgment does not cause the trial court's plenary power to expire." *Id.* at 801, 803; *see also* TEX. R. CIV. P. 329b(f) ("On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law . . . .").

## A. Whether Trial Court Had Subject-Matter Jurisdiction

In his first and second issues, Akinwamide argues that the trial court lacked subject-matter jurisdiction over his statutory workers' compensation claim because his pleadings did not affirmatively invoke the jurisdiction of the trial court and ADP did not prove that it had workers' compensation coverage at the time of his alleged injury. In making this argument, however, Akinwamide ignores the fact that two of

13

our sister courts have specifically held otherwise. In the direct appeal from the 2000 judgment, the Corpus Christi Court of Appeals held that Akinwamide "failed to prove that ADP was a non-subscriber to workers' compensation insurance" and that sufficient evidence existed that Transportation "was the workers' compensation carrier for ADP at the time of [Akinwamide's] alleged injury." *Akinwamide I*, 147 S.W.3d at 627. Similarly, in an appeal from an adverse summary judgment against Akinwamide in his second suit filed against Transportation, the Fourteenth Court of Appeals held that Akinwamide could not point to proof "actually indicating ADP lacked coverage" and that, instead, the documents in the record "indicate[d that] ADP had a policy with [Transportation] and its parent, CNA, during the time of [Akinwamide's] alleged injury [and] that this coverage lasted at least until July 1, 1992 . . . ." *Akinwamide II*, 2003 WL 21025885, at *2 & 2 n.3.

Akinwamide has presented no compelling reason why this Court, in this present appeal, should disregard two prior holdings from our sister courts and instead hold that ADP did not produce evidence that it had a workers' compensation insurance policy with Transportation at the time of his alleged injury and, thus, the trial court lacked subject-matter jurisdiction over his statutory workers' compensation claim.[2] We decline to do so here.

---

[2]     The record includes the order from the Commission denying Akinwamide's workers' compensation claim that contained a finding that "on the date of injury said employer [ADP] was either a subscriber, authorized self-insured, or had

## B. Whether Trial Court's Plenary Power Had Expired

In his third issue, Akinwamide argues that because the trial court lacked subject-matter jurisdiction over the case, the 2000 judgment was void, and, thus, the trial court still had plenary power to consider his motion to set aside the judgment filed in 2014. Akinwamide also argues that the common-law causes of action that he alleged in his "First Amended Original Petition Alternative Pleadings" are still pending before the trial court, and the court still has jurisdiction to resolve those claims.

Akinwamide again ignores that these issues have already been determined against him. In 2010, Akinwamide filed a motion to set aside the 2000 judgment due to lack of subject-matter jurisdiction. After the trial court denied the motion, ruling that its plenary power had expired, Akinwamide appealed to this Court. A panel of this Court held that Akinwamide was "incorrect in his assertion that the trial court was without jurisdiction to render the final judgment in the first lawsuit." *Akinwamide IV*, 2012 WL 3861229, at *2. This Court held that Akinwamide's amended petition "did not dismiss the [statutory workers' compensation] issue but rather added alternative pleadings to that original claim." *Id.* We concluded that the trial court "did have jurisdiction to enter the final judgment on August 9, 2000 and

---

provided workers' compensation coverage in Texas by virtue of Article 8308, Section 18, [Revised Civil Statutes]." In his original petition, Akinwamide alleged that Transportation had a workers' compensation insurance policy with ADP.

15

did not have plenary power over the judgment when [Akinwamide] filed his motion to vacate nearly ten years after the judgment was signed." *Id.* We specifically held, "The trial court's final judgment is not void and the trial court did not have plenary power over the judgment when [Akinwamide] filed his motion to vacate. Therefore, we do not have jurisdiction over this appeal." *Id.*

This Court, therefore, has already concluded that the trial court had subject-matter jurisdiction over Akinwamide's statutory workers' compensation claim, and, thus, that the 2000 judgment was not void. *Id.* The trial court had subject-matter jurisdiction and properly entered a judgment on the jury verdict against Akinwamide. We therefore hold, as did the previous panel of this Court addressing this case, that the trial court did not have plenary power to consider Akinwamide's 2014 motion to set aside the judgment. *See id.*

To the extent Akinwamide argues that his common-law claims remain pending and the trial court retains jurisdiction to resolve these claims, we note that, in the first appeal from the 2000 judgment, the Corpus Christi Court of Appeals considered whether the trial court had abused its discretion when it denied Akinwamide's motion to try his case under the common law, which Akinwamide had filed less than three weeks before his trial date. *See Akinwamide I*, 147 S.W.3d at 627. The Corpus Christi Court held that the trial court denied the motion "because it was filed so close to the trial date it would unreasonably delay the trial of the case"

16

and that the trial court did not abuse its discretion in making this determination. *Id.* The Corpus Christi Court also noted that Akinwamide "failed to prove that ADP was a non-subscriber to workers' compensation insurance which was a prerequisite to the proposed fraud or negligence common law suit against ADP." *Id.*; *Port Elevator-Brownsville v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012) ("The [Workers' Compensation Act] states that '[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . .'") (quoting TEX. LAB. CODE ANN. § 408.001(a)). The Corpus Christi Court held that "the evidence that [Transportation] was the workers' compensation carrier for ADP at the time of [Akinwamide's] alleged injury was sufficient to support the trial court's denial of [his] motion." *Akinwamide I*, 147 S.W.3d at 627. Akinwamide, therefore, does not have any common-law claims still pending in the trial court.

### C. *Application of Res Judicata and Collateral Estoppel*

In his fourth issue, Akinwamide argues that the trial court erred in holding that res judicata and collateral estoppel barred his common-law claims. Specifically, Akinwamide argues that because Transportation did not raise res judicata and collateral estoppel in its original answer, filed in 1999, the trial court could not rely on these doctrines in holding that his common-law claims are barred.

Broadly speaking, res judicata is the generic term for a group of concepts that address the preclusive effect of final judgments. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). Res judicata, or claim preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as the adjudication of related matters that, with the use of diligence, should have been litigated in the prior suit. *Id.* "Issue preclusion, or collateral estoppel, prevents the relitigation of particular issues already resolved in a prior suit." *Id.*

Here, in response to Akinwamide's 2014 motion to set aside the 2000 judgment, Transportation asserted, among other reasons why the trial court ought to deny the motion, that res judicata and collateral estoppel barred reconsideration of Akinwamide's arguments. Akinwamide argues on appeal that because res judicata is an affirmative defense, Rule of Civil Procedure 94 required Transportation to plead this defense in its original answer, which it did not do, and therefore the trial court cannot rely on res judicata. *See* TEX. R. CIV. P. 94. However, a party has "no obligation to plead res judicata as an affirmative defense except in response to a preceding pleading." *A.H.D. Houston, Inc. v. City of Houston*, 316 S.W.3d 212, 221 n.11 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *see also Berry v. Berry*, 786 S.W.2d 672, 673 n.3 (Tex. 1990) ("Rule 94 only requires that res judicata be pleaded *in response* to a preceding pleading.") (emphasis in original). At the time Transportation filed its original answer, in 1999, res judicata was not a valid

18

affirmative defense, as Akinwamide, at that point, was not seeking to relitigate a claim that had been finally adjudicated. In 2014, after Akinwamide filed his second motion to set aside the 2000 judgment, Transportation then asserted res judicata in response, arguing that Akinwamide had sought to relitigate his claims on multiple occasions. We conclude that Transportation's raising of res judicata in its response to Akinwamide's 2014 motion to set aside the judgment was proper, and the trial court could consider this as a basis for denying Akinwamide's motion.

We further note that in 2004, Akinwamide filed a bill of review with the trial court, seeking review of the 2000 judgment. After the trial court rendered summary judgment in favor of Transportation, Akinwamide appealed to the Fourteenth Court of Appeals. Our sister court held that Akinwamide had "already tried and unsuccessfully appealed" these claims and that they were barred by res judicata. *See Akinwamide III*, 2008 WL 660303, at *2. Similarly, in the underlying proceeding, Akinwamide again attempted to relitigate the issue of whether ADP had workers' compensation insurance coverage at the time of his alleged injury—an issue that has been finally determined against him by two appellate courts—and he continues to argue that his common-law claims remain pending—an issue that, as discussed above, has also been adjudicated against him. We conclude that the trial court did not err in ruling that Akinwamide's common-law claims are barred by res judicata and collateral estoppel.

19

We overrule Akinwamide's first through fourth issues.

## Reporter's Record

In his eighth issue, Akinwamide argues that he was not provided with a full and complete reporter's record of the October 24, 2014 hearing on sanctions and the vexatious litigant declaration. Specifically, Akinwamide argues that a corrected reporter's record filed with this Court still contains inaccuracies.

Texas Rule of Appellate Procedure 34.6(e) addresses situations in which there are inaccuracies in the reporter's record:

(1)  Correction of Inaccuracies by Agreement. The parties may agree to correct an inaccuracy in the reporter's record, including an exhibit, without the court reporter's recertification.

(2)  Correction of Inaccuracies by Trial Court. If the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate, the trial court must—after notice and hearing—settle the dispute. If the court finds any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court.

(3)  Correction After Filing in Appellate Court. If the dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution. The trial court must then proceed as under subparagraph (e)(2).

TEX. R. APP. P. 34.6(e). "It is clear that a record may be corrected for inaccuracies where there is a disagreement about whether the record reflects what actually happened at trial." *In re Estate of Arrendell*, 213 S.W.3d 496, 499 (Tex. App.—Texarkana 2006, no pet.).

20

Here, the court reporter initially filed a record of the October 24, 2014 show cause hearing in this Court on March 26, 2015. This record contained only the trial court's oral findings concerning the sanctions to be applied and the declaration of Akinwamide as a vexatious litigant. It did not contain testimony, arguments of the parties, or exhibits. Akinwamide filed a motion disputing the completeness and the accuracy of this record and requested that this Court abate the case so the trial court could settle the dispute over the record pursuant to Rule 34.6(e). On July 9, 2015, this Court agreed that the March 26, 2015 reporter's record appeared incomplete, and we abated the appeal for the trial court to settle the dispute concerning accuracies in the reporter's record. On October 5, 2015, the court reporter filed a supplemental reporter's record of the October 24, 2014 show cause hearing that contained the parties' discussion of the relevant motions with the trial court, testimony by both Akinwamide and Transportation's counsel, argument by both parties, the trial court's oral findings, and the exhibits admitted during the hearing.

On November 17, 2015, Akinwamide filed another motion challenging the adequacy of the reporter's record and arguing that the supplemental reporter's record was "inadequate, inaccurate, and falsified." Akinwamide did not point to any specific statements, testimony, or arguments that he contended were inaccurate or falsified. This Court dismissed this motion as moot on December 22, 2015, noting that the supplemental reporter's record complied with our July 9, 2015 order.

21

In his appellate brief, Akinwamide again argues that the supplemental reporter's record was "full of inaccuracies," but he does not identify any specific inaccuracies in the record.[3] We provided Akinwamide with an opportunity to resolve his complaints concerning the accuracy of the record. In light of his failure to identify specific inaccuracies in the record, and his reliance, instead, on a general argument that the supplemental reporter's record was "full of inaccuracies," we conclude that he failed to establish any alleged inaccuracies or omissions that prevented him from properly presenting his appeal or that otherwise merit reversal.

We overrule Akinwamide's eighth issue.

## Sanctions Order and Vexatious Litigant Declaration

In his fifth issue, Akinwamide contends that Transportation's motion for sanctions and to declare him a vexatious litigant was not legally sufficient. In his sixth issue, he contends that the trial court erred in directing him, on its own initiative, to show cause as to why his conduct had not violated Rule 13 and Civil Practice and Remedies Code Chapter 10. In his seventh issue, he challenges several of the trial court's findings of fact and conclusions of law, arguing that they were not legally and factually sufficient to support the order imposing sanctions and

---

[3] To the extent Akinwamide complains that the supplemental reporter's record is incomplete because it contains "no index and no exhibit pages," Akinwamide fails to demonstrate how this alleged inadequacy prevents him from presenting his case on appeal. *See* TEX. R. APP. P. 44.1(a) (providing standard for reversible error in civil cases).

declaring him a vexatious litigant. In his ninth issue, he argues that the trial court erred in sanctioning him under Rule 13 and Civil Practice and Remedies Code Chapters 10 and 11. Finally, in his tenth issue, he argues that the trial court erred in declaring him a vexatious litigant.

## A. Sanctions Order

Texas Rule of Civil Procedure 13 addresses the "effect of signing pleadings, motions and other papers" and grants the trial court the ability to impose sanctions if it determines that the rule was violated. *See* TEX. R. CIV. P. 13. Rule 13 provides, in relevant part:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215, upon the person who signed it, a represented party, or both.
>
> Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law.

*Id.*

Civil Practice and Remedies Code Chapter 10 also governs the imposition of sanctions for filing frivolous pleadings or motions. Section 10.001 provides that the

23

signing of a pleading or motion "constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry," among other things, "the pleading or motion is not being presented for any improper purpose, including to harass" and that "each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(1)– (2) (West 2002). A party may move for sanctions, and in the motion, the party must describe the specific conduct that violates section 10.001. *Id.* § 10.002(a) (West 2002). The court must provide a party who is the subject of a motion for sanctions notice of the allegations and a reasonable opportunity to respond to the allegations. *Id.* § 10.003 (West 2002). If the court determines that a person has signed a pleading or motion in violation of section 10.001, the court may impose a sanction on the person. *Id.* § 10.004(a) (West 2002). The sanction "must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated," and the sanction may include an order to pay a penalty to the court and an order "to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees." *Id.* § 10.004(b), (c)(2)–(3). "A court shall describe in an order imposing a sanction under this chapter the conduct the court has determined

violated Section 10.001 and explain the basis for the sanction imposed." *Id.* § 10.005 (West 2002).

We review the imposition of sanctions for an abuse of discretion. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014). We will not hold that a trial court abused its discretion in imposing sanctions if some evidence supports its decision. *Id.* (citing *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009)). Generally, we presume that pleadings and other papers, such as motions, are filed in good faith. *Id.* (citing *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex. 1993)). The party seeking sanctions bears the burden of overcoming the presumption of good faith. *Id.*

### 1. Sufficiency of Transportation's Sanctions Motion

Akinwamide first argues that Transportation's motion for sanctions was not legally sufficient because it did not, as statutorily required, describe the particular conduct that violated section 10.001. Transportation, however, filed a combined response to Akinwamide's 2014 motion to set aside the 2000 judgment and motion for sanctions. In this motion, it set out, in detail, the litigation history, including all of Akinwamide's unsuccessful attempts to overturn the 2000 judgment. Transportation sought sanctions against Akinwamide for filing the 2014 motion to set aside the 2000 judgment, which it argued was not meritorious and was frivolous, groundless, and brought in bad faith and for the purpose of harassment.

25

Transportation thus, in its motion, described the specific conduct—filing the 2014 motion to set aside—that it contended violated section 10.001—because the motion was not brought for a proper purpose and the legal contentions in the motion were not meritorious and were not warranted by existing law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001 (stating that signatory of motion certifies that motion is not being presented for any improper purpose and that each legal contention is warranted by existing law or by nonfrivolous argument for extension, modification, or reversal of existing law or establishment of new law), *id.* § 10.002(a) (requiring party moving for sanctions to describe specific conduct violating section 10.001). We conclude that Transportation's motion for sanctions appropriately described the specific conduct that it claimed violated section 10.001 and, thus, the motion was legally sufficient under section 10.002(a).

### 2. Evidentiary Support for Improper Purpose and Frivolousness Findings

Akinwamide next argues that Transportation presented no evidence that he brought the 2014 motion for an improper purpose—such as for harassment or in bad faith—or that the motion lacked an arguable basis in law or fact. Here, in its order imposing sanctions, the trial court found that Akinwamide's 2014 motion to set aside the 2000 judgment was a frivolous pleading that "was filed for an improper purpose to include but not limited to harass" Transportation. We therefore consider whether the evidence in the record supports these findings.

26

For the purposes of imposing sanctions, "harassment means that the pleading was intended to annoy, alarm, and abuse another person." *Parker v. Walton*, 233 S.W.3d 535, 540 (Tex. App.—Houston [14th Dist.] 2007, no pet.). The trial court must hold an evidentiary hearing to adduce evidence "to make a determination about the motives and credibility of the person signing" the pleading or motion. *See Gomer v. Davis*, 419 S.W.3d 470, 478–79 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Chapter 10 does not require a finding of improper purpose before sanctions can be imposed. *Nath*, 446 S.W.3d at 369. Instead, "Chapter 10 provides that a claim that lacks a legal or factual basis—without more—is sanctionable." *Id.* "Legally, the claim must be warranted by existing law or a nonfrivolous argument to change existing law." *Id.*

The trial court held an evidentiary hearing on Transportation's sanctions motion on October 24, 2014. At this hearing, the trial court took judicial notice of the "entire court's file in this case dating back to the original filing in 1997, as well as the rulings noted in the record from the Courts of Appeal of this state in this Cause [Number]." Akinwamide testified concerning the litigation history of the case, including proceedings before the various appellate courts. He also testified that he filed a motion to set aside the 2000 judgment in 2011 or 2012, that the trial court ruled that it did not have plenary power over the case, that he appealed that determination, and that the appellate court disagreed with him and dismissed the

27

appeal. He acknowledged filing a second motion to set aside the 2000 judgment in 2014. He agreed with Transportation's counsel that he had been "relitigating these same issues against these same parties since 1997" and on "an administrative level [before the Commission] even before 1997."

Based on the litigation history of this case and Akinwamide's testimony at the show cause hearing, the trial court had sufficient evidence before it to conclude that Transportation met its burden to rebut the presumption that pleadings and motions are filed in good faith. The evidence indicated that Akinwamide's 2014 motion to set aside—filed after four appellate decisions upholding the 2000 judgment, including an appellate decision in which this Court dismissed an appeal of the trial court's order denying Akinwamide's first motion to set aside and expressly stated that the 2000 judgment was not void and that the trial court had subject-matter jurisdiction over the case—was filed for an improper purpose, including harassment of Transportation, and that the motion lacked any arguable basis in law and was not warranted by existing law or a nonfrivolous argument to change existing law. *See Nath*, 446 S.W.3d at 369 (stating that Chapter 10 "provides that a claim the lacks a legal or factual basis—without more—is sanctionable"); *Parker*, 233 S.W.3d at 540 ("[H]arassment means that the pleading was intended to annoy, alarm, and abuse another person."). Because we hold that the trial court's decision to sanction

28

Akinwamide pursuant to Chapter 10 had evidentiary support, we need not consider whether sanctions were proper pursuant to Rule 13.

### 3. Sufficiency of Trial Court's Show Cause Order

Akinwamide also contends that the trial court's October 3, 2014 order requiring him to appear at a hearing and show cause for why he should not be sanctioned is not legally sufficient under section 10.002(b) because it does not describe the conduct alleged to have violated section 10.001.

Section 10.002(b) provides: "The court on its own initiative may enter an order describing the specific conduct that appears to violate Section 10.001 and direct the alleged violator to show cause why the conduct has not violated that section." TEX. CIV. PRAC. & REM. CODE ANN. § 10.002(b). This subsection of section 10.002 must be read in conjunction with the previous subsection, which allows a party to move for sanctions and requires the party, in its motion, to describe the specific conduct violating section 10.001. *See id.* § 10.002(a). The inclusion of section 10.002(b) allows a trial court control over its docket by sanctioning parties on its own motion, even if an opposing party does not move for sanctions. *See id.* § 10.002(b). Here, Transportation moved for sanctions against Akinwamide, and we have already held that Transportation's motion adequately set out Akinwamide's conduct that it asserted violated section 10.001. Because the trial court proceeded on Transportation's motion for sanctions, there was no need for the court to move

for sanctions on its own initiative, and, therefore, we need not consider whether the trial court's October 3, 2014 order sufficiently described the specific conduct alleged to be sanctionable, as required by section 10.002(b) when the trial court seeks to impose sanctions on its own initiative.

### 4. Whether Sanctions Can Be Imposed on Pro Se Party

Akinwamide also argues that section 10.004 "limits sanctions to the signatory attorney and a represented party," and, thus, because he was acting pro se, the trial court could not impose sanctions against him.

Section 10.004(a) provides that "[a] court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both." TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(a). Akinwamide cites the Fourteenth Court of Appeals' decision in *Yuen v. Gerson* for the proposition that section 10.004 "limits sanctions to the signatory attorney and a represented party" and that, because he is not an attorney or a represented party, sanctions cannot be applied to him. *See* 342 S.W.3d 824 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). However, *Yuen* does not hold that a pro se party cannot be sanctioned pursuant to Chapter 10.

In *Yuen*, although Yuen's name was on the challenged pleadings, the pleadings themselves were actually signed by associates at Yuen's law firm, not by Yuen himself. *Id.* at 828. Chapter 10 allows for the imposition of sanctions against

30

"a person [who] has signed a pleading or motion." *Id.* The Fourteenth Court of Appeals followed cases construing Rule 13 that limited "sanctions for groundless pleadings to the attorney who actually signed the pleadings and a represented party" and held that because section 10.004 contains substantially similar language to Rule 13, that section "likewise limit[s] sanctions to the signatory attorney and a represented party." *Id.* The court thus held that the evidence did not support sanctions against Yuen "because he did not sign the objectionable pleadings and was not a party to those pleadings." *Id.*

*Yuen* did not address the situation present in this case—a challenged motion signed by a pro se plaintiff. Instead, *Yuen*—and the two cases it relied upon construing Rule 13—addressed situations in which the attorney who was sanctioned by the trial court for filing groundless pleadings did not actually sign the challenged pleadings, but rather an associate at the sanctioned attorney's firm signed the pleadings. *See id.*; *see also In re Hill*, No. 2-07-295-CV, 2007 WL 2891059, at *2 (Tex. App.—Fort Worth Oct. 3, 2007, orig. proceeding) (mem. op.) (holding that trial court abused its discretion in sanctioning attorney under Rule 13 for signing groundless pleading when associate at attorney's firm was person who signed pleading); *Metzger v. Sebek*, 892 S.W.2d 20, 52 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (holding that trial court erred in sanctioning attorney under Rule 13 when only "pleading, motion, or other paper" attorney signed was his notice of

31

appearance, which was not challenged as sanctionable by opposing parties). None of the cases cited by Akinwamide addresses whether a pro se plaintiff who, as here, undisputedly signs a challenged motion, may be sanctioned under Chapter 10, and Akinwamide cites to no cases specifically holding that such parties cannot be sanctioned under Chapter 10. This is, therefore, not a meritorious basis for reversing the sanction award against Akinwamide.

### 5. *Sufficiency of Trial Court's Order Imposing Sanctions*

Akinwamide also challenges the trial court's November 4, 2014 order imposing sanctions in several respects, specifically for failing to state the basis of the sanction imposed, for failing to explain how it determined the amount of the sanction, and for failing to describe the conduct that violated section 10.001.

Here, at the show cause hearing, the trial court took judicial notice of the history of the case; Akinwamide testified concerning the various filings he had made in different courts throughout the pendency of the case; and Transportation's attorney testified that Transportation sought $2,500 in attorney's fees as a result of defending against and responding to Akinwamide's 2014 motion to set aside the 2000 judgment and other motions that he had recently filed. In its order imposing sanctions and declaring Akinwamide a vexatious litigant, the trial court recited the procedural history of the case and again stated that it had taken judicial notice of the

litigation history. The trial court then stated, relevant to the sanctions portion of the order:

> The Court finds that the recent pleadings filed by [Akinwamide], including but not limited to, the most recent 81-page filing on August 6, 2014—entitled in part "Plaintiff's Motion to Set Aside the Final Judgment in Cause No. 1997-48526" is a frivolous pleading filed in violation of Texas Rule of Civil Procedure 13, Texas Civil Practices and Remedies Code Section 10 and 11.
>
> The Court finds that the 81 page pleading was filed for an improper purpose to include but not limited to harass [the defendants].
>
> . . . .
>
> THEREFORE, the Court finds that [the defendants'] motion for sanctions, attorney fees and to declare [Akinwamide] a vexatious litigant are meritorious and are hereby **GRANTED**.
>
> Additionally, the Court does find that [Akinwamide] has not shown good cause why he should not be determined to be a vexatious litigant, and has not shown good cause as to why he should not be sanctioned; again, under provisions of Texas Rules of Civil Procedure 13 and Section 10 and 11, and other relevant sections of the Civil Practice and Remedies Code.
>
> . . . .
>
> The Court finds that the appropriate security and/or sanction, including the award of reasonable expenses and cost including reasonable attorney's fees to [the defendants] is $2,500.00.
>
> [Akinwamide] is hereby ORDERED to pay $2,500.00 to [the defendants] no later than December 1, 2014.
>
> The Court also finds under Section 10.004 an additional public sanction against [Akinwamide] is warranted.
>
> [Akinwamide] is hereby ORDERED to pay the amount of $500.00 to the Clerk of the Court no later than December 1, 2014.

The trial court's sanctions order specifically describes the conduct that violated section 10.001—the filing of the 2014 motion to set aside the 2000 judgment—and states the basis for why this conduct is sanctionable—the motion was frivolous and was filed for an improper purpose. The trial court's recitation of the litigation history of the case in the sanctions order itself provides ample support and explanation for the sanctions imposed.

With respect to Akinwamide's contention that the sanctions order failed to describe how the trial court determined the amount of the sanctions, we note that the sanctions order does not specifically state why the trial court imposed this particular amount in sanctions. However, shortly after it signed the sanctions order, the trial court filed written findings of fact and conclusions of law. One of the trial court's conclusions of law related to the sanctions order, and in this conclusion, the court stated:

> After the Court granted [the defendants'] 2002 Joint Motion for Summary Judgment, [Akinwamide] approached [the defendants] and stated that the case is far from over. In addition, this Court warned [Akinwamide] back in 2012 not to file further motions in [an] attempt to set aside or vacate the 2000 judgment as this court no longer has plenary power over the judgment. Yet, [Akinwamide] ignored this Court's warning and filed yet another motion in August 2014. This Court then ordered a show cause hearing to be held on October 24, 2014. At the show cause hearing, [Akinwamide] failed to show good cause why he should not be sanctioned under the provisions of TRCP 13 and CPRC § 11. Because [he] has not incurred any attorney fees or court costs as a result of filing numerous suits and appeals due to filing affidavits of indigence at all court levels, this Court finds that an appropriate sanction to prevent [Akinwamide] from filing further

34

groundless suits is paying $500 to the Clerk of the Court and $2500 to the Defendants to cover reasonable expenses and costs including reasonable attorney's fees.

We conclude that, to the extent the trial court's sanctions order does not state with sufficient specificity the rationale behind the sanctions imposed, the trial court's findings of fact and conclusions of law do supply the necessary particulars, and any deficiency in the sanctions order does not constitute reversible error. *See Univ. of Tex. at Arlington v. Bishop*, 997 S.W.2d 350, 355–56 (Tex. App.—Fort Worth 1999, pet. denied) (holding that while sanctions order did not meet specificity requirement of section 10.005, trial court's findings of fact and conclusions of law supplied necessary particulars, and, thus, deficient sanctions order did not constitute reversible error).

We hold that the trial court did not abuse its discretion in imposing sanctions against Akinwamide.

## B. *Vexatious Litigant Declaration*

Civil Practice and Remedies Code Chapter 11 governs vexatious litigants and provides a mechanism to address "persons who abuse the legal system by filing numerous, frivolous lawsuits." *In re Douglas*, 333 S.W.3d 273, 282 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). We review a trial court's vexatious litigant declaration for an abuse of discretion. *Id.* A trial court abuses its discretion if it acts arbitrarily or unreasonably and without reference to any guiding rules or principles.

*Id.* at 282–83 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

Section 11.051 provides that a defendant may, on or before the ninetieth day after the date the defendant files an original answer or makes a special appearance, move the trial court for an order determining that the plaintiff is a vexatious litigant. TEX. CIV. PRAC. & REM. CODE ANN. § 11.051(1) (West 2002). Upon receipt of a motion under section 11.051, the trial court shall, after notice to all parties, conduct a hearing on the motion, and the court may consider evidence material to the grounds raised in the motion, including written or oral evidence and evidence presented by witnesses or by affidavit. *Id.* § 11.053 (West 2002). Section 11.054 sets out the criteria for making a vexatious litigant determination:

> A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:
>
> > (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in small claims court that have been:
> >
> > > (A) finally determined adversely to the plaintiff;
> > >
> > > (B) permitted to remain pending at least two years without having been brought to trial or hearing; or

       (C)     determined by a trial or appellate court to be frivolous or groundless under state or federal law or rules of procedure;

    (2)     after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

       (A)     the validity of the determination against the same defendant as to whom the litigation was finally determined; or

       (B)     the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

    (3)     the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

*Id.* § 11.054 (West Supp. 2015). Section 11.101(a) provides that a trial court may, on its own motion or on the motion of a party, enter an order prohibiting a person from filing, pro se, a new litigation without permission of the local administrative judge if the court finds, after notice and hearing as provided by sections 11.051 through 11.057, that the person is a vexatious litigant. *Id.* § 11.101(a) (West Supp. 2015).

### 1. *Timeliness of Motion*

Akinwamide contends that Transportation's motion to declare him a vexatious litigant was legally insufficient and cannot support the trial court's order because Transportation filed the motion in 2014, well beyond ninety days after it filed its original answer in the suit in 1999, and thus the motion was untimely under section 11.051. *See id.* § 11.051(1) (allowing defendant to move trial court to declare plaintiff vexatious litigant if motion filed on or before ninetieth day after defendant files original answer or makes special appearance). Even if Transportation's motion—which was undisputedly filed more than ninety days after its original answer but was filed within the same instrument as its response to Akinwamide's 2014 motion to set aside the 2000 judgment—is considered untimely, this Court has held that a trial court may make a vexatious litigant declaration on its own motion, if it provides the plaintiff with notice and the opportunity for a hearing. *See In re Douglas*, 333 S.W.3d at 284–87 (holding that section 11.101 permits trial court to make vexatious litigant determination on its own motion "after notice and hearing as provided by Subchapter B [sections 11.051–.057]"); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (providing that trial court may enter vexatious litigant order on its own motion). We held that the purpose of the vexatious litigant statutory scheme was

> to make it possible for courts to control their dockets rather than permitting them to be burdened with repeated filings of frivolous and

> malicious litigation by litigants without hope of success while, at the same time, providing protections for litigants' constitutional rights to an open court when they have genuine claims that can survive the scrutiny of the administrative judge and the posting of security to protect defendants.

*In re Douglas*, 333 S.W.3d at 284; *see also In re Potts*, 357 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). The plain language of Chapter 11 thus allows a trial court, upon notice and hearing to all parties, to make a vexatious litigant determination on its own motion. *In re Douglas*, 333 S.W.3d at 285.

Here, Akinwamide, after years of repeated and unsuccessful litigation, filed his second motion to set aside the trial court's judgment on August 6, 2014, fourteen years after the trial court rendered the 2000 judgment. On October 2, 2014, Transportation responded to this motion, and, in the same instrument, moved the trial court to declare Akinwamide a vexatious litigant. The next day, the trial court entered an order denying Akinwamide's motion to set aside the 2000 judgment on the basis that it lacked plenary power to consider the motion and also ordered Akinwamide to appear before the court on October 24, 2014, for, among other purposes, "consideration of [an] ORDER to determine if [Akinwamide] is a vexatious litigant." The trial court held a hearing on this issue on October 24, 2014, at which it made a vexatious litigant determination. The trial court then signed an

order memorializing its oral findings and also issued findings of fact and conclusions of law.

We hold that, even if Transportation's motion to declare Akinwamide a vexatious litigant was untimely, the trial court had statutory authority to consider the issue on its own motion, and, therefore, the trial court did not err in proceeding on its own motion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a); *In re Douglas*, 333 S.W.3d at 284–87.

### 2. *Merits of Vexatious Litigant Declaration*

In all cases under the vexatious litigant statute, the defendant must show "that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant." TEX. CIV. PRAC. & REM. CODE ANN. § 11.054; *In re Douglas*, 333 S.W.3d at 288. However, "only one of the three alternative grounds for finding a plaintiff to be a vexatious litigant set out in section 11.054 must be proved in addition to that showing." *In re Douglas*, 333 S.W.3d at 288. Section 11.054(2) "applies whenever a plaintiff attempts to relitigate, in propria persona, after litigation has been finally determined against him, either (a) 'the validity of the determination against the same defendant' or (b) 'the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant.'" *Id.* at 288–89; *Forist v. Vanguard Underwriters Ins. Co.*, 141 S.W.3d 668, 670 (Tex. App.—San Antonio 2004, no

pet.) ("Section 11.054 allows a trial court to find a litigant vexatious if she *either* 'repeatedly relitigates' *or* 'attempts to relitigate' a matter that has been finally determined against her.") (emphasis in original).

In its order declaring Akinwamide to be a vexatious litigant, the trial court indicated that it "took judicial notice of the history of the filings by [Akinwamide] in this lawsuit dating back to 1997 and [Akinwamide's] numerous attempts to set aside/vacate an adverse judgment dated August 9, 2000." The vexatious litigant order also recited that the trial court heard testimony from Akinwamide in which he "admitted to filing two lawsuits; a Bill of Review; numerous motions to set aside/vacate the 2000 judgment; and numerous unsuccessful attempts to relitigate [the] same claims." The trial court also stated that it took judicial notice of this Court's 2012 opinion stating the procedural history of Akinwamide's case in the appellate courts and dismissing Akinwamide's appeal from his first motion to set aside the 2000 judgment. The trial court then found that

> there is no reasonable probability that [Akinwamide] will prevail in the litigation against [Transportation] and that after the litigation has been finally determined against [Akinwamide], [he] repeatedly relitigates or attempts to relitigate, in [propria] persona the validity of the determination against the same Defendant as to whom the litigation was finally determined; and/or the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined.

41

Even though the Corpus Christi Court of Appeals affirmed the 2000 judgment and specifically noted that sufficient evidence in the record supported the conclusion that ADP had a workers' compensation insurance policy with Transportation that was in effect at the time of Akinwamide's alleged injury, Akinwamide has continued, over the past decade and a half, to attempt to relitigate this issue and related issues. *See Akinwamide I*, 147 S.W.3d at 627. While the 2000 judgment was on direct appeal, Akinwamide filed a second suit against Transportation, summary judgment was rendered against him, and the Fourteenth Court of Appeals affirmed that judgment, also noting that record evidence reflected that ADP had a workers' compensation insurance policy with Transportation at the time of Akinwamide's alleged injury. *See Akinwamide II*, 2003 WL 21025885, at *2 & n.3. Akinwamide filed a bill of review in 2004, again attempting to relitigate the 2000 judgment, and the Fourteenth Court of Appeals affirmed the trial court's denial of this bill of review. *See Akinwamide III*, 2008 WL 660303, at *1–2. Akinwamide moved the trial court in 2010 to set aside the 2000 judgment based on lack of subject-matter jurisdiction, and this Court dismissed his appeal, specifically stating that the trial court had jurisdiction to enter the 2000 judgment, that the judgment was not void, and that the trial court lacked plenary power over the case at the time Akinwamide filed the 2010 motion. *See Akinwamide IV*, 2012 WL 3861229, at *2.

We conclude that the record is replete with evidence that there is no reasonable probability that Akinwamide will prevail in his litigation against Transportation and that, after the litigation was finally determined against Akinwamide, he has repeatedly relitigated or attempted to relitigate the validity of the determination in favor of Transportation. *See Forist*, 141 S.W.3d at 670 (holding that plaintiff's bill of review filed after Texas Supreme Court denied her petition for review of direct appeal from final judgment constituted "attempts to relitigate" cause of action and thus satisfied vexatious litigant criteria). We therefore hold that the evidence supports the trial court's determination and, thus, the court did not err in declaring Akinwamide a vexatious litigant.

We overrule Akinwamide's fifth, sixth, seventh, ninth, and tenth issues.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Brown, and Huddle.